## LAMAR SCHOOL DISTRICT NO. 39 *v.*
### Michael Glen KINDER and Jimmy WRIGHT

82-171                                           642 S.W.2d 885

Supreme Court of Arkansas
Opinion delivered December 13, 1982

*G. Ross Smith, P.A.*, for appellant.

*Cearley, Mitchell & Roachell,* for appellees.

RICHARD B. ADKISSON, Chief Justice. Appellant, Lamar School District, voted to nonrenew the teaching contracts of two nonprobationary teacher-coaches, appellees Michael Glen Kinder and Jimmy Wright. On appeal to the Johnson County Circuit Court, Kinder was reinstated to his former position with back pay and Wright was awarded $900. The circuit court found the School District "failed to comply with Arkansas law" in nonrenewing appellees' contracts. We reverse the trial court and affirm the decision of the School District.

Appellees were hired in 1976 as high school football coaches and teachers for the Lamar School District. Although they satisfactorily performed their teaching duties, the school board found them deficient in their performance as coaches. During the five years they coached, the team won 15 games and lost 28: won 4 and lost 14 in their own class AA; won 11 and lost 14 against teams of lower classification.

Prior to the 1979 season the school board formally expressed their dissatisfaction with appellees' coaching performance at a school board meeting and requested that the principal notify appellees that they had one year to "round out the program." The principal conveyed the message to appellee Kinder and talked to him about the problem involved. The 1979 season was inconclusive — the

team won 4 and lost 4. However, the 1980 season produced a record of 3 wins and 7 losses. Therefore, in February of 1981 appellees were notified by letter that the board was considering nonrenewal. Appellees recieved another letter on March 3 setting out the various reasons why the school board was dissatisfied with their performance. Then, on April 6, at the request of appellees, a public hearing was held on the proposed termination. Two days later the school board voted to nonrenew.

Appellant argues, and we agree, that the school board substantially complied with the procedural safeguards set out by The Teacher Fair Dismissal Act of 1979, Ark. Stat. Ann. §§ 80-1264 — 80-1264.10 (Repl. 1980), and its own personnel policies in nonrenewing appellees' contracts. The record reflects that the appellees were notified as early as 1979 that the school board was not satisfied with their performance. The fact that the school board was tolerant and did not terminate appellees at that time did not preclude it from nonrenewing at a later date if the coaches' performance was still unsatisfactory. *See School District v. Maury*, 53 Ark. 471, 14 S.W. 669 (1890). Here, when it became evident in 1981 that there was no consistent improvement in the program, appellees were notified that the board was considering nonrenewal and were given a list of reasons for this action. Appellees were also given a public hearing at which time they and their representatives were allowed to present their arguments against nonrenewal to the school board. Under these circumstances the trial court erred in finding that the school board failed to comply procedurally with Arkansas law. The School District did in fact substantially comply with procedural safeguards in nonrenewing appellees' contracts.

Appellant also argues that the school board complied with the substantive provisions of The Teacher Fair Dismissal Act as set out in Ark. Stat. Ann. § 80-1264.9 (b) which provides: "Any certified teacher who has been employed continuously by the school district [for] three (3) or more years may be terminated or the board may refuse to renew the contract of such teacher for any cause which is not arbitrary, capricious, or discriminatory, . . . . " An action is "arbitrary"

and "capricious" only if it is not supportable on any rational basis. *Partlow* v. *Ark. State Police Commission*, 271 Ark. 351, 609 S.W.2d 23 (1980). Here, there were several causes for appellees' nonrenewal, none of which were arbitrary, capricious, or discriminatory. These causes, as set out in the March 3 letter to appellees, included inability to field a competitive team, inability to recruit more team members, inability to teach fundamentals of blocking and tackling, inability to create good team morale, inability to teach recognition of and reaction to various offensive and defensive football schemes, and losing games by very lop-sided scores. In light of these causes, we cannot say that appellees were terminated contrary to law.

Reversed and dismissed.

HICKMAN, J., concurs.

DUDLEY and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, concurring. I concur because the appellants sought employment as coaches and were hired as coaches. They were only incidentally teachers.

STEELE HAYS, Justice, dissenting. I cannot agree that someone hired as a football coach and teacher can be terminated on the basis of the team's win-loss record, even though hired primarily as a coach. Certainly the board can non-renew the contract of a coach for any reason it chooses, but if his status continues beyond probation then it is my view that under the Teacher Fair Dismissal Act he can be discharged only for cause, and that is not to be determined by so variable a standard as the team's ability to win.

DUDLEY, J., joins in this dissent.