Ronald TURNEY *v.* ALREAD PUBLIC SCHOOLS

83-273                                           666 S.W.2d 687

Supreme Court of Arkansas
Opinion delivered March 26, 1984
[Rehearing denied April 30, 1984*.]

*Cearley, Mitchell & Roachell,* by: *Richard W. Roachell,* for appellant.

*PURTLE, J., would grant rehearing.

G. *Ross Smith*, for appellee.

RICHARD B. ADKISSON, Chief Justice. Appellee, Alread Public Schools, terminated appellant, Ronald Turney, a provisional teacher, pursuant to The Teacher Fair Dismissal Act of 1979 (Ark. Stat. Ann. § 80-1264 (Repl. 1980). Appellee terminated appellant on August 18, 1982, for the contract year of 1982-83. On appeal the Circuit Court found that there existed a rational basis for the decision of the appellee School District. The sole issue on appeal to this Court is whether the trial court erred in finding a rational basis for the termination.[1] We affirm.

Appellant, who had a degree in Business Education but no certification in that area, had been teaching business education four years on a "provisional certificate" issued by the State Department of Education. Yearly renewal of the "provisional certificate" required the acquisition of six hours college credit per year. For several years appellee had been concerned with raising the accreditation of its high school to an "A" rating which could not be obtained so long as a teacher was not fully certified in his teaching area and was teaching on a "provisional certificate." Appellee renewed appellant's contract for the 1980-81 school year with the following provision: "This contract is made on the basis of doing 12 more hours before August 20, 1981." In regard to the 1982-83 school year, the Superintendent for appellee recommended that appellant teach for the 1982-83 school year "with the condition that he have his 1982-83 teacher's certificate by August 1, 1982." Appellee School Board then modified that offer stating appellant would be rehired "if you obtain 12 hours by August 1982 and complete all your requirements and be fully (not provisionally) certified by the end of the first semester of the 1982-83 year." Appellant replied to this offer by letter stating "I have checked UCA's summer sessions schedule and have confirmed that I can obtain credit for twelve (12) hours this summer by attending both sessions." The agreement

---

[1]To what extent, if any, The Teacher Fair Dismissal Act of 1979 applies to a "provisional teacher" was not raised in the trial court nor argued on appeal, and this opinion does not purport to decide that issue.

between the parties that appellant obtain twelve hours in the summer was reiterated in a subsequent letter of May 11, 1982, from appellee stating "You will satisfactorily complete 12 hours during this summer session and must be enrolled the fall semester to complete your certification." Appellee also requested written documentation establishing appellant's registration for "two summer sessions at which you [appellant] will receive twelve hours toward certification." By the middle of the summer of 1982, a letter from the Chairman of the Department of Administration and Secondary Education at University of Central Arkansas established that although appellant had enrolled for a three hour course in the first summer session, he had received an incomplete due to excessive absences. Appellant then informed appellee that he would be able to complete only seven hours during the summer and would take the final courses in the fall in order to be fully certified. After a hearing, appellee voted to terminate appellant with this declaration: "Because of your failure to meet requirements specified in letters dated 4-12-82 and 5-11-82, the board will not give you a contract for the 1982-83 school year." Based on these facts, the trial court found that appellee had a rational basis for the termination.

Ark. Stat. Ann. § 80-1264.9(b) provides: "Any certified teacher who has been employed continuously by the school district [for] three (3) or more years may be terminated or the board may refuse to renew the contract of such teacher for any cause which is not arbitrary, capricious, or discriminatory . . ." We have previously held that an action is "arbitrary" and "capricious" only if it is not supportable on any rational basis. *Lamar School District No. 39* v. *Kinder*, 278 Ark. 1, 642 S.W.2d 885 (1982). We will not reverse the findings of the trial court sitting as trier of fact unless those findings are clearly erroneous. *Superior Improvement Co.* v. *Mastic Corp.*, 270 Ark. 471, 604 S.W.2d 950 (1980). In the light of the school board's attempt to raise the accreditation of its high school and appellant's failure to meet the requirement that he obtain twelve hours in the summer of 1982, we cannot say the trial court clearly erred in finding a rational basis for appellant's discharge.

Affirmed.

PURTLE and HOLLINGSWORTH, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I believe the trial court and the majority of this court have failed to recognize a most important fact in this case. The fact is the school board granted the teacher a reprieve from his deficiency until the second semester of the 1982-83 school year. It is true they expected him to complete 12 hours in the summer term of 1982 and the remainder in the fall semester. The teacher agreed to these terms. However, when he enrolled at UCA he found he could not get the full 12 hours credit because of changes in the program at the University. He did complete seven hours and was prepared to finish the required hours in the fall term of 1982. If he accomplished this goal he would be qualified and certified on the same date he would have under the mandate of the school board. The board appears to have flared up and acted contrary to the agreement when the teacher did not progress on the expected schedule.

If substantial compliance by the board is adequate then the same measure should apply to its teachers. We have held substantial compliance by the board is sufficient. *Lamar School Dist. No. 39* v. *Kinder and Wright*, 278 Ark. 1, 642 S.W.2d 885 (1982); *Lee* v. *Big Flat Public Schools*, 280 Ark. 377, 658 S.W.2d 389 (1983). Sauce for the goose should be sauce for the gander.

HOLLINGSWORTH, J. joins in this dissent.