Gail KIRTLEY *v.* DARDANELLE PUBLIC SCHOOLS

85-187                                                  702 S.W.2d 25

Supreme Court of Arkansas
Opinion delivered January 21, 1986

*Cearley, Mitchell & Roachell*, by: *Paul J. Ward*, for appellant.

*G. Ross Smith & Associates, P.A.*, by: *G. Ross Smith* and *Richard L. Hughes*, for appellee.

DAVID NEWBERN, Justice. The question raised by the appellant is whether the court erred in finding that her dismissal as a teacher did not violate the Teacher Fair Dismissal Act, codified as Ark. Stat. Ann. §§ 80-1266 through 80-1266.11 (Supp. 1985). In particular the appellant argues the trial judge erred in failing to find the appellant's nonrenewal was arbitrary, capricious or discriminatory. She claims the trial judge did not understand that § 80-1266.9(d) permitted him to go beyond the record compiled in the school board hearing and consider evidence presented in court on review of the school board's decision. We disagree on both points and affirm the judgment of the trial court in which he refused to overturn the school board's nonrenewal of the appellant's teaching contract.

The appellant was a non-probationary special education teacher in the Dardanelle schools. She had taught there for some thirteen years with no unsatisfactory ratings from her superiors. In the school year 1982-1983 Larry May became principal of the school in which the appellant taught. In February, 1983, Mr. May expressed his disapproval of Mrs. Kirtley's performance, and he began a series of meetings with her which lasted through May, 1984. He also corresponded with her through exchanges of memoranda. He notified Mrs. Kirtley as early as March 25, 1984, that her contract would not be renewed.

Mrs. Kirtley challenged the recommendation of Mr. May, which was supported by the school superintendent, by appealing to the appellee school board. The record of the proceedings before the board and before the court contained strong overtones of political reasons for the nonrenewal. Mrs. Kirtley's husband had at one time been a school employee and had engaged in disputes with the superintendent and had twice run, presumably unsuccessfully, for a position on the school board. There was evidence that a board member had spoken of wanting to get "a shot" at Mrs. Kirtley.

The testimony and exhibits, in the form of the memoranda between Mr. May and Mrs. Kirtley, also could easily have been interpreted as showing harassment of Mrs. Kirtley. However, Mr. May said specifically to the board that his reason for

nonrenewal was that Mrs. Kirtley's lesson plans failed to implement her individual education plans for her students. At the trial he testified that Mrs. Kirtley's first problem was lack of organization which included her inability to plan individually for her special education students. Mrs. Kirtley testified that Mr. May did not give her sufficiently specific instruction on how he wanted her to organize her work.

Other evidence in Mrs. Kirtley's behalf consisted of former students who praised her ability and Mrs. Kirtley's former teacher who said she was capable of good planning. A former supervisor in another school system testified Mrs. Kirtley did well and was used as a model for new teachers in the late 1960's to 1970's but that he had not reviewed any of her lesson plans prepared to conform to the federal Education for Handicapped Act.

The appellant does not contend that there was a failure on the part of the school board to comply with any procedural requirement of the Teacher Fair Dismissal Act. Nor does she say that the factual determinations of the circuit court were clearly erroneous and thus to be overturned in accordance with Ark. R. Civ. P. 52(a). She does contend that the court erred because he failed to consider the trial testimony. For that proposition she cites the judge's statements in the following colloquy:

BY THE COURT:

Arkansas Statute 80-1266 point 9 provides for appeal to Circuit Court and as I understand the case law, I'm limited to determining if the decision of the board was based upon substantial evidence. In other words, was it arbitrary, capricious or discriminatory. Section D provides additional testimony may be taken in the Circuit Court Appeal to show facts and circumstances showing that determination or non-renewal was lawful or unlawful. So as I understand it, the testimony we are to hear today would go to whether or not the non-renewal was lawful or unlawful. Now, is that what you are intending to show with this?

MR. WARD: [Attorney for the appellant]

Yes, Your Honor.

BY THE COURT:

It is my understanding that you have already stipulated that all procedures were correctly followed.

MR. WARD:

The procedures regarding the hearing?

BY THE COURT:

Yes.

MR. WARD:

That is correct.

BY THE COURT:

And it looks to me like you may have already stipulated to what I have to decide on appeal—that it was lawful or unlawful.

MR. WARD:

We did not stipulate to the District's compliance with 1266 point 6, and then also the specific provisions of arbitrary and capricious, which is the—

BY THE COURT:

Well, I have to base my decision on arbitrary or capriciousness on the basis of the record as already made.

MR. WARD:

Your Honor, that is part of the record. I think this trial today is also part of the record and the Court is entitled to look at both when it determines whether substantial evidence exists or whether the non-renewal was arbitrary and capricious.

BY THE COURT:

The statute says—uses the word, "lawful" or "unlawful." I am going to permit you to make a complete record on it. I just wanted to make that statement to give you some idea as to what I think it means.

MR. WARD:

Yes, Your Honor.

BY THE COURT:

I think they are talking about whether or not the school board followed correct procedures in arriving at their determination. I don't think they meant for me to substitute my decision for that of the board. Go ahead.

MR WARD:

Yes, Your Honor.

■ If we considered these remarks by themselves, we might agree that the court misperceived the law and his responsibility to make a determination beyond whether the procedural requirements of the Act were satisfied. When we combine the statements with the recitations of the court's order, however, it becomes clear the court made a determination based upon "the record," not necessarily excluding the trial record, and that there was sufficient evidence of a rational basis for Mrs. Kirtley's nonrenewal. His order included a factual finding that Mr. May had told Mrs. Kirtley specifically the deficiencies in her performance. It also stated as a legal conclusion that there was substantial evidence to support the decision and that it had a rational basis. The order also contained the following:

A hearing was held by the Court on March 18, 1985 pursuant to § 80-1266.9(d) and additional testimony was taken.

I must determine if the nonrenewal was arbitrary or capricious and if the Board complied with § 80-1266.6.

An action is arbitrary or capricious only if it is not supportable on any rational basis. *Lamar School District No. 39* v. *Kinder,* 278 Ark. 1, 642 S.W.2d 885 (1982).

It is thus apparent the judge went beyond finding the procedure was correct.

■ While we are troubled that the testimony of Larry May was mostly conclusory with respect to Mrs. Kirtley's lack of organizational ability, the burden at the trial was on the appellant to show the board's action was arbitrary, capricious or discriminatory. The bases of Mr. May's conclusions were not sufficiently

explored before the court to show that the board improperly relied on the conclusions he stated.

■ The appellant has argued that, as a general proposition, the changes in the Teacher Fair Dismissal Act which appear in the 1983 version were favorable to the teachers and that we therefore should depart from our previous interpretations. We have not, however, been cited to any language making a substantive change which would alter our decision in *Lamar School District No. 39* v. *Kinder*, cited in the trial court's order above, to the effect that if there is any rational basis the court need not find the board's decision to have been arbitrary, capricious, or discriminatory. *See also, Lee* v. *Big Flat Public Schools*, 280 Ark. 377, 658 S.W.2d 389 (1983).

Affirmed.

PURTLE, J., not participating.