Whitaker ALLEN *v.* TEXARKANA PUBLIC SCHOOLS

90-54                                        794 S.W.2d 138

Supreme Court of Arkansas
Opinion delivered July 16, 1990

*Mitchell and Roachell,* by: *Clayton R. Blackstock* and *Paul J. Ward,* for appellant.

*Lavender, Rochelle, Barnett & Dickerson;* and *Laser, Sharp, Mayes, Wilson, Bufford & Watts,* by: *Dan F. Bufford,* for appellee.

JACK HOLT, JR., Chief Justice. This case involves the question as to whether or not the trial court erred in confirming a school board's decision to not renew a teacher's contract under The Teacher Fair Dismissal Act of 1983, codified as Ark. Code Ann. §§ 6-17-1501 to -1510 (1987). We find that it did.

Whitaker Allen, appellant, taught in the Texarkana school system for thirty-four years. On April 7, 1988, Allen was notified by the school principal, Larry Witherspoon, that he was recommending to the superintendent, Ross Beck, that Allen's employment contract not be renewed for the next year. Beck then wrote Allen that based on the letter from Witherspoon containing five specific charges, he, Beck, was going to recommend to the board that Allen's contract not be renewed.

Allen was sent a notice of nonrenewal in compliance with section 6-17-1507(c), which provides that notice shall include a simple but complete statement of the grounds for the recommendation of termination. The notice from Witherspoon to Allen contained the following list of reasons recommending nonrenewal:

a. November 7, 1983
   *Failure to cooperate with an administrator at College Hill Junior High.*

b. October 8, 1984
   *Lack of professional courtesy.*

c. October 27, 1987
   *Failure to respect the rights of a student.*

d. January 25, 1988
   *Failure to respect the right of a student.*

e.  February 18, 1988
    *Failure to follow standard operational procedures
    at College Hill Junior High School.*

On May 25, 1988, the school board held a hearing on these charges and, in accordance with section 6-17-1510(c), the board, by majority vote, made specific written conclusions with regard to the truth of each of the five reasons given Allen as a basis for nonrenewal of his contract. In doing so, the board recorded its vote on each allegation, finding truth in the charges of 1983 and 1984, but not finding truth in the three charges of 1987 and 1988. Thereafter, the board sustained the recommendation of the superintendent for nonrenewal of Allen's contract by a four to two vote. There is nothing in the record of the school board's hearing to explain this final vote.

Allen appealed to the Miller Circuit Court, which affirmed the school board's decision. Allen now appeals and claims that the trial court erred in not holding that the school board's nonrenewal of his contract was arbitrary and capricious and that the trial court erred in wrongfully considering two students' depositions as trial testimony when they were not presented during the course of the school board's hearing.

Allen argues that the board's vote on the truthfulness of the charges, pursuant to section 6-17-1510(c), reveals, of the five charges listed as reasons for dismissal, that only the first two, which occurred in 1983 and 1984, were found to be true by the board. The more recent charges from 1987 and 1988 did not receive a majority vote in favor of their truthfulness. Allen contends, and rightfully so, that the school board's record is such that we can only assume that its decision not to renew was based on charges of four or five years ago, and as a result is arbitrary and capricious.

In reviewing the judgment of a trial court, this court should affirm unless that court was clearly erroneous. *Moffitt* v. *Batesville School Dist.*, 278 Ark. 77, 643 S.W.2d 557 (1982); *Chapman* v. *Hamburg Pub. Schools*, 274 Ark. 391, 625 S.W.2d 477 (1981). It is not the function of this court to substitute its judgment for the circuit court or for that of the school board. *Leola School Dist.* v. *McMahan*, 289 Ark. 496, 712 S.W.2d 903 (1986); *Green Forest Pub. Schools* v. *Herrington*, 287 Ark. 43,

696 S.W.2d 714 (1985).

Granted, a school board may terminate or renew a teacher's contract "for any cause which is not arbitrary, capricious or discriminatory, or for violating the reasonable rules and regulations promulgated by the board." An action can be considered "arbitrary" and "capricious" only if it is not supportable on any rational basis. *Lamar School Dist. No. 39* v. *Kinder and Wright*, 278 Ark. 1, 642 S.W.2d 885 (1982).

In *Ottinger* v. *School Dist. No. 25*, 157 Ark. 82 (1923), we held that a teacher's conduct under a previous contract cannot constitute grounds for the avoidance of a subsequent contract. The same would be true in this case if, in fact, Allen was terminated for his conduct during 1983 and 1984.

The school board argues in its brief that it did not act arbitrarily as Allen was not fired for any one particular incident, but rather for a "pattern of conduct." The board supports its position by contending that Allen knew that the charges against him were to be looked at "as a whole" because, both at the beginning and end of the school board hearing, Superintendent Beck told the board, in Allen's presence, that his recommendation was based on this "compilation of repeated behavior not indicative of good judgment or good teaching behavior" and that there had been no evidence of improvement over the years.

Even so, this presentation by the superintendent can not be substituted for the code requirements of section 6-17-1506(b) concerning the specificity of charges. In *Murray* v. *Altheimer-Sherrill Pub. Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988), we held that a teacher is entitled to rely upon the "simple and complete statement of the reasons" contained in a nonrenewal recommendation pursuant to section 6-17-1506(b), and for this reason, nonrenewal for charges not stated in the superintendent's recommendation was arbitrary and capricious. The circumstances in *Murray* are analogous to those in this case. In examining the superintendent's notice of nonrenewal, we find that it does not contain a reason indicating a "pattern of misconduct" or "compilation of repeated behavior." In addition, we notice that the board made no truth or falsity findings on these unstated charges as required by section 6-17-1510(c).

To allow the superintendent and the board to delve into ad libbed charges renders meaningless the requirements of sections 16-17-1507(b) and 16-17-1507(c), and our language in *Murray* that teachers are entitled to rely on a simple and complete statement of reasons as to nonrenewal of their contracts.

■ It is obvious to us that the nonrenewal of Allen's contract was based either on his conduct which occurred in 1983 and 1984 under previous contracts, or on charges which were not set out in the superintendent's statement for nonrenewal. Regardless of which reason, we find the actions of the board arbitrary and capricious. As a result, it is not necessary for us to consider whether or not the trial court committed error in considering the affidavits of two students as evidence.

Judgment is reversed and remanded for a determination as to the amount of backpay to be awarded to Allen and his right to reinstatement.

HAYS, J., dissents.

GLAZE, J., not participating.

STEELE HAYS, Justice, dissenting. Whatever may be said of the ballot procedures and results of the school board in considering the grounds for nonrenewal of Mr. Allen's contract, Ark. Code Ann. § 6-17-1510 (1987) provides that:

> Additional testimony and evidence may be introduced on appeal [to the circuit court] to show facts and circumstances showing that the termination or nonrenewal was lawful or unlawful.

That evidence introduced in circuit court included testimony from Keicha Fortson and Timika Montgomery that Mr. Allen engaged in highly suggestive improprieties with both students after having been warned against such familiarities. The law provides that a teacher's contract may not be renewed for *any* reason which is not arbitrary, capricious or discriminatory. *Lamar School Dist. No. 39* v. *Kinder and Wright*, 278 Ark. 1, 642 S.W.2d 885 (1982). If any rational basis exists for nonrenewal, the school board should be affirmed. *Kirtley* v. *Dardanelle Public Schools*, 288 Ark. 86, 702 S.W.2d 25 (1986). The reasons relied on by the school board in this case were clearly not without a

rational basis. I would affirm.