HELENA-WEST HELENA SCHOOL DISTRICT
*v.* Ronald DAVIS

CA 92-273                                            843 S.W.2d 873

Court of Appeals of Arkansas
En Banc
Opinion delivered December 23, 1992
[Supplemental Opinion on Denial of Rehearing March 24, 1993.*]

---

*Mayfield, J., would grant rehearing.

162

*David Solomon,* for appellant.

*McCullough Law Firm,* by: *R.S. McCullough,* for appellee.

ELIZABETH W. DANIELSON, Judge. The appellant in this case appeals from a ruling by the Phillips County Circuit Court that reversed the school board's decision to terminate a teacher, appellee Ronald Davis, pursuant to the Teacher Fair Dismissal Act, Ark. Code Ann. §§ 6-17-1501—1510 (1987). The trial court found that appellant was denied due process during the school board proceeding. We disagree and reverse the decision of the trial court.

Appellee, a nonprobationary school teacher in the Helena-West Helena School District, acted as one of several chaperones on a field trip to Hot Springs for twenty-four third and fourth graders. When two other chaperones discovered that two girls were missing from their hotel room and began to inquire up and down the hall, appellee announced that they had become alarmed in their own room and were in his room watching television. After the group returned to West Helena the next day, principal Ernest Simes was notified by the parents of one of the two girls that their daughter was reporting she had been sexually molested by appellee when the two girls were in appellee's hotel room.

Mr. Simes and several of the chaperones met with the girl's parents that same night. Mr. Simes then met with appellee and told appellee of the accusation against him. On Sunday, Mr. Simes became aware that the other girl was making similar accusations. Following meetings with the parents on Monday and another meeting with appellee, appellee was suspended with pay.

Due to the pendency of the criminal charges that had been filed against appellee, the school district took no further action for several months. On January 6, 1989, the superintendent notified appellee by letter that he was recommending appellee's discharge based on sexual molestation of students during the Hot Springs field trip, and advised appellee of his rights under the Teacher

Fair Dismissal Act.

Appellee requested a hearing, which was held April 6, 1989. The medical reports of the two girls were introduced, along with the testimony of Mr. Simes and three others who had served as chaperones on the trip. At the beginning of the hearing, appellee acknowledged that the girls and their parents had chosen not to be present, and then requested a private hearing. At no time did appellee object to the absence of the girls or their parents, or to the fact that he would not be able to cross-examine them due to this absence. The trial court, however ruled that appellee was denied due process because he did not have the opportunity to cross-examine these parties. Appellant argues that the trial court was clearly erroneous in finding that the school board was arbitrary and capricious in dismissing appellee.

The decision to terminate a teacher pursuant to the Teacher Fair Dismissal Act is a matter within the discretion of the school board, and the reviewing court cannot substitute its opinion for that of the school board in the absence of an abuse of that discretion. *Caldwell* v. *Blytheville School District No. 5*, 23 Ark. App. 159, 746 S.W.2d 381 (1988). In reviewing the trial court's decision, we will affirm unless the court's findings are clearly erroneous. *Id.* It is not the function of this court to substitute its judgment for that of the circuit court or the school board. *Allen* v. *Texarkana Public Schools*, 303 Ark. 59, 794 S.W.2d 138 (1990).

*In Re Sugarloaf Mining Co.*, 310 Ark. 772 at 776-777, 840 S.W.2d 172 (1992), the supreme court set out the standard of review of administrative decisions:

> Review of administrative decisions, both in Circuit Court and here, is limited in scope. Such decisions will be upheld if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. Administrative action may be regarded as arbitrary and capricious only when it is not supportable on any rational basis. It has been said that the appellate court's review is directed not toward the circuit court, but toward the decision of the agency. . . .

> The standard has its origin in the Administrative

Procedure Act and our case law which requires that appellate review under the act be "narrowly prescribed" with "a role of limited scope". . . .

In *Wright* v. *Arkansas State Plant Board*, 311 Ark. 125 at 130-131, 842 S.W.2d 42 (1992), the supreme court also discussed the review of administrative decisions:

[W]hen reviewing the administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the administrative agency's decision, whether there is arbitrary and capricious action, or whether the action is characterized by abuse of discretion. . . .

To determine whether a decision is supported by substantial evidence, we review the whole record to ascertain if it is supported by relevant evidence that a reasonable mind might accept as adequate to support a conclusion. . . . To establish an absence of substantial evidence to support the decision the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion.

In reaching his decision to reverse the school board's determination, the trial court relied on *Casada* v. *Booneville School District No. 65*, 686 F. Supp. 730 (W.D. Ark. 1988). In *Casada*, the court found that the teacher was denied due process where he was not given prior notice of the names of his accusers or the specific nature and factual basis for the charges and was not allowed to cross-examine the witnesses. *Casada*, however, is distinguishable from the case at bar because appellee was promptly notified of the identity of his accusers and the specific nature and factual basis of the charges against him. Although appellee did not have the opportunity to cross-examine the girls or their parents due to their absence, he never objected to this fact or indicated in any way that he desired to exercise his right to cross-examine these parties. Even constitutional issues may be waived if they are not raised below. *See Caldwell* v. *Blytheville School District No. 5*, 23 Ark. App. 159, 746 S.W.2d 381.

In *Alcoholic Beverage Control Div.* v. *Barnett*, 285 Ark.

189, 685 S.W.2d 511 (1985), the court cited a United States Supreme Court decision, *Unemployment Commission* v. *Oregon*, 329 U.S. 143 (1946), in explaining why it is essential to a judicial review under the Arkansas Administrative Procedures Act that issues must be raised before the administrative agency appealed from:

> A reviewing court usurps the agency's function when it sets aside the administrative determination upon a ground not therefore presented and deprives the [administrative agency] of an opportunity to consider the matter, make its ruling, and state the reason for its action.

■ And in *American Transportation Corporation* v. *Director*, 39 Ark. App. 104 at 108, 840 S.W.2d 198 (1992), we noted that where "the party does not request the right to cross-examine the witnesses whose hearsay statements have been received in evidence, he effectively waives his right of cross-examination, and due process requirements are not violated."

■ Appellee's failure to raise the issue of his right to cross-examine the witnesses resulted in a waiver of that right. Considering the testimony and evidence introduced at the school board hearing, and the deference we give to administrative decisions, we find the school board's decision to terminate appellee was supported by substantial evidence and was not arbitrary or capricious. The trial court's reversal of that decision is therefore clearly erroneous and must be reversed.

Reversed.

MAYFIELD and ROGERS, JJ., concur.

JUDITH ROGERS, Judge, concurring. I reluctantly concur in holding that appellee waived both the right to confront and cross-examine the witnesses. If these issues had been preserved, we might be faced with several problems that are glaring by omission in terms of the administrative procedures used by school boards. Significantly, there appears to be no procedural rules that provide for the subpoena power to compel witnesses to appear. Consequently, hearsay problems and confrontation problems are likely to occur in these proceedings. It is difficult to have adequate due process, when there is no process at all prescribed by the rules that

govern such hearings.

MAYFIELD, J., concurs.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
MARCH 24, 1993

853 S.W.2d 285

*David Soloman*, for appellant.

*R.S. McCullough*, for appellee.

PER CURIAM. Petition for rehearing is denied.

MELVIN MAYFIELD, Judge. This court has today denied the appellee's petition for rehearing our decision in *Helena-West Helena School District* v. *Davis*, 40 Ark. App. 161, 843 S.W.2d 873 (1992). The appellee was a school teacher in the appellant school district, but was terminated at the conclusion of a hearing held by the school board. Appellee appealed to circuit court and that court reversed the school board's decision on the finding that appellee was denied due process because he was not given the opportunity to cross-examine his accusers.

As our original opinion stated, the appellee was one of several chaperons on a field trip by 24 elementary students to Hot Springs. The school principal testified that he received a report from the parents of one of the girls that their daughter and another girl had been sexually molested by the appellee during the group's stay at a Hot Springs hotel.

During the hearing before the school board the appellee's attorney objected to the school principal testifying what a parent of one of the girls had told the principal. Counsel for appellee stated:

> I realize this is not a judicial proceeding but we would object to him saying what they said to him as they chose not to appear here themselves, the parents. We feel that there was no reason for them not to be here.

Notwithstanding the objection, the principal gave a very detailed account of conversations he had with the parents of one of the girls and what he had told other people the parents had told him. And, although the school board's decision was appealed to circuit court where additional evidence was heard, the parents of the two girls did not appear and did not testify at the school board hearing or at

the hearing before the circuit judge.

In reviewing the school board's decision, the court relied upon a United States District Court decision in *Casada* v. *Booneville School District No. 65*, 686 F. Supp. 730 (W.D. Ark. 1988). In that case, Judge Morris Sheppard Arnold said:

> [T]he Eighth Circuit has held in a public employee discharge case that "[i]t is fundamental to a full and fair review required by the due process clause that a litigant have an opportunity to be confronted with all adverse evidence and to have the right to cross-examine available witnesses." *Nevels* v. *Hanlon*, 656 F.2d 372, 376 (8th Cir. 1981). In our case, although plaintiff was confronted with the witnesses against him he was denied the right to cross-examine.

*Id.* at 732-33.

The opinion of this court which reversed the trial court's decision stated that, although the appellee did not have the opportunity to cross-examine the parents of the girls because of their absence, "he never objected to this fact." The objection which I have quoted above appears on page 54 of the transcript. The circuit judge found it sufficient to raise the due process question and reversed the school board's decision on that point. It is clear that it is not our function to substitute our judgment in these cases for the judgment of the circuit court. *Allen* v. *Texarkana Public Schools*, 303 Ark. 59, 794 S.W.2d 138 (1990); *King* v. *Elkins Public Schools*, 22 Ark. App. 52, 733 S.W.2d 417 (1987).

I would point out that I did not dissent from the original opinion in this case; however, I did agree with an opinion that "reluctantly" concurred in holding that the appellee "waived the right to confront and cross-examine the witnesses." I have now decided that our original decision was wrong. While neither of the girls appellee was accused of molesting testified in either hearing in this case, I do not find any objection to a lack of opportunity to confront and cross-examine the girls. This objection was made with reference to the parents, and considering the testimony as to what the parents of one of the girls said, given as first and second-hand hearsay, and the part those parents played in bringing the charges against the appellee — I now agree with the trial judge that the school board's decision should be reversed.

I am authorized to say that Rogers, J., would grant the Petition for Rehearing in this case but does not join in this opinion.