The Honorable Mike Wilson State Senator Post Office Box 5269 Jacksonville, Arkansas 72076
Dear Senator Wilson:
This is in response to your request for an opinion on the effect of the expunction of a criminal record upon a teacher termination proceeding.
Your request sets forth the following facts: A public school district teacher[1] pleaded guilty in municipal court to a misdemeanor criminal charge involving sexual misconduct.[2] Approximately one week later, the superintendent recommended, pursuant to the Teacher Fair Dismissal Act of 1983, codified at A.C.A. §§ 6-17-1501 to -1510 (Repl. 1993), that the board terminate the teacher's employment. See A.C.A. § 6-17-1507. The recommendation was based upon the guilty plea, admitting criminal liability for the acts charged to constitute the offense.[3] A hearing on the superintendent's recommendation to terminate was scheduled for a date approximately one month after the date of the recommendation. See
A.C.A. § 6-17-1509. On the day of the hearing, the municipal court entered an order "providing that the record of the certified teacher's conviction was to be sealed and expunged in accordance with" A.C.A. §§16-93-301 to -304 (1987 and Supp. 1995) (the "First Offender Act") and Act 998 of 1995, codified at A.C.A. §§ 16-90-901 to -905 (Supp. 1995).[4] The hearing on the recommendation was postponed upon presentation of the order, before the introduction of any testimony or other evidence.
As noted in your request, Act 998 provides in relevant part:
 (a) An individual whose record has been expunged in accordance with the procedures established by this subchapter shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
 (b) Upon the entry of the uniform order to seal records of an individual, the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.
A.C.A. § 16-90-902.
You ask, in effect, whether expunction of the teacher's record under Act 998 and the First Offender Act precludes termination of the teacher's employment on the basis of the grounds cited in the superintendent's recommendation.
Clearly, the board has the power under law to terminate the teacher's employment. The difficult question here is whether the board's decision to terminate would be held, on appeal, to be for a cause that is not arbitrary, capricious, or discriminatory. See A.C.A. § 6-17-1510(b). Because there are legitimate arguments on both sides of this issue, and because the Supreme Court of Arkansas has not addressed the question or a sufficiently similar question, I am unable to render a definitive opinion in this instance. I will, however, discuss some applicable law and various arguments that might be made to advance one position or the other.
In my opinion, the board undoubtedly would have adequate cause to terminate the teacher but for the expunction order. See, e.g.,Helena-West Helena School Dist. v. Davis, 40 Ark. App. 161,843 S.W.2d 843 (1992).[5] One can, however, argue that the language of Act 998 precludes using the criminal episode as a basis for termination.
The fundamental rule of statutory construction is to give effect to the intent of the legislature, and when the statute is clear, it is given its plain meaning, which is presumed to reflect the legislative intent.Masterson v. Stambuck, 321 Ark. 391, 902 S.W.2d 803 (1995). Here, Act 998 provides that a person whose record has been expunged "shall have all privileges and rights restored. . . ." When that person is a nonprobationary public school teacher, one of his privileges or rights is that he is subject to termination only for a cause that is not arbitrary, capricious, or discriminatory, or for violating the reasonable rules and regulations promulgated by the board. See A.C.A. §§6-17-1510(b), -1507(a). Act 998 also provides that the teacher "shall be completely exonerated" and that his underlying conduct "shall be deemed as a matter of law never to have occurred. . . ." A.C.A. § 16-90-902. If the teacher is completely exonerated and the conduct is deemed not to have occurred, it can be legitimately argued that there remains no rational basis for his termination.
Your request asserts that Act 998 "applies only to criminal proceedings, and cannot affect civil proceedings affecting the rights of employees or employers, or tort claimants, for example." Admittedly, the plight of a tort claimant injured by conduct that constitutes both a tort and a crime would present difficult questions where the criminal record had been expunged, although it might be argued in that case that Act 998 violates Ark. Const. art. 2, § 12, guaranteeing remedies for wrongs. I am not, however, presented with that issue, and I perceive nothing in Act 998 that necessarily limits to criminal matters the language "completely exonerated" and "underlying conduct shall be deemed as a matter of law never to have occurred." Indeed, as discussed below, Act 998 clearly affects the ability of a prospective employer to gain access to information about an applicant's prior criminal record.
Although this possible effect of expunction may not have been expressly anticipated by the General Assembly, it may be argued to be nonetheless consistent with the apparent purposes of the relevant statutes. Act 998 sets forth and makes uniform the procedures for and effects of expunction of criminal records and appears to have as one of its purposes the "complete exoneration" of individuals whose records are expunged. The First Offender Act, available only to first offenders, appears to have as one of its purposes the removal of the stigma of criminal conviction and the granting of a second chance at a life free from a criminal record.Cf. Irvin v. State, 301 Ark. 416, 784 S.W.2d 763 (1990) (addressing similar purposes of the Youthful Offender Alternative Service Act of 1975).
In addition, the proposition that an expunged conviction cannot form an adequate basis to terminate a teacher's employment appears to be supported by the fact that the criminal episode need not follow the teacher to another school district of the state. Clearly, the teacher, if terminated by his present employer, would be free to apply to another district without disclosing the guilty plea or the underlying conduct. A.C.A. § 16-90-902(b). It does not appear that the district to which the teacher applies would be entitled to access to the expunged records. See
A.C.A. §§ 16-90-903 (Supp. 1995) (permitting access to expunged records for employment purposes only to criminal justice agencies) and 12-12-1001
to -1015 (Repl. 1995). It could be argued that it would not be rational to conclude that the General Assembly intended for conduct and a guilty plea leading to expunction with the effects set forth in A.C.A. §16-90-902 to be a valid basis for termination by one district while the teacher is lawfully entitled to deny the criminality to another district, which is unable to gain access to the expunged records.
It might also be argued, of course, that the teacher's conduct and guilty plea do provide an adequate basis for termination. My research has not located any Arkansas case discussing generally the effects of expunction upon civil matters and relationships, and it may be asserted that the General Assembly, in enacting Act 998, intended it to have only those sorts of effects that were familiar and traditional under the state's experience with other expunction statutes, and not the far-reaching effects upon civil matters and relationships speculated upon here.
Even though Act 998 provides that the conduct shall be deemed not to have occurred, the act cannot alter history in the most fundamental sense; the conduct and the guilty plea did, in fact, occur. In my view, there is a significant possibility that the courts would refuse to interpret Act 998 to require the school district to ignore historical facts of which it is actually aware. Expunction of a record is one thing; in my view, the obliteration of history from the minds of real human beings is quite another.
Because of the uncertainty of the law, I am unable to render an opinion on this issue. Ultimately, the question can be determined definitively only by a court. Here, the board must determine whether its desire to terminate the teacher outweighs the expense inherent in litigation and the possibility that a court will hold its action to be unjustified. That determination must be made with reference to all the prevailing facts and circumstances and should be made after consultation with the district's counsel.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] I assume for purposes of this opinion that the teacher has been employed continuously by the school district three or more years or has achieved nonprobationary status pursuant to A.C.A. § 6-17-1502 (Repl. 1993). It appears that a probationary teacher may be terminated for any or no reason unless the district's personnel policies provide otherwise.See A.C.A. §§ 6-17-1510(a), -1503.
[2] Your request does not suggest that a pupil was involved and I assume herein that no pupil was involved.
[3] Your request does not indicate that the school district has any knowledge or proof of the incident independent of the criminal proceeding and I assume that is the case.
[4] The First Offender Act requires that a defendant dealt with thereunder be placed on probation for a period of at least one year (A.C.A. § 16-93-303(a)(1)), but permits the court to release the defendant from probation early and expunge the record at that time (A.C.A. § 16-93-303(b)). Act 998 requires the filing of a uniform petition for the sealing of the record (A.C.A. § 16-90-904(a)) and service of copies of the petition upon the prosecuting authority and the arresting agency (A.C.A. § 16-90-904(b)(1)). Act 998 also requires that at least 30 days separate the later of the filing or service of the petition and the entry of the order expunging the record (A.C.A. §16-90-904(b)(2)). The facts set forth in your request suggest the possibility that one or more of these requirements may not have been satisfied. If one or more of the requirements were not satisfied, the expunction order may be subject to challenge, though it is doubtful that such a challenge could be made successfully in the context of the termination proceeding. In any event, the facts set forth in your request do not compel the conclusion that the procedural requirements were not met and I will assume for purposes of this opinion, of course, that the court followed the law.
[5] Davis involved a teacher terminated for conduct charged as a crime. The conduct, molestation of students in the teacher's care, obviously provided a more compelling basis for termination than the conduct alleged here. In my view, however, Davis does stand for the proposition that criminality of some significance can be a valid basis for teacher termination.