Loftus, Appellant, *v.* Carbondale.

Argued March 6, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*George I. Puhak,* with him *Maurice V. Cummings,* for appellant.

*Bernard J. Brown,* City Solicitor, for City of Carbondale, appellee.

OPINION BY WATKINS, J., April 13, 1961:

This is an appeal from a judgment entered, in an action of assumpsit, in the Court of Common Pleas of Lackawanna County, in favor of the City of Carbondale, the defendant-appellee, and against William J. Loftus, a civil service employee, the plaintiff-appellant, who brought the suit for wages alleged to be due him because of an unwarranted suspension.

Carbondale is a city of the third class in Lackawanna County, Pennsylvania. Its fire department is

made up of volunteer firemen but it has some paid firemen, including the appellant herein. On November 18, 1959, the appellant had an altercation with the mayor of Carbondale in that he became violent in manner, loud and abusive in speech before witnesses, and as a result was suspended for ten days by the mayor. He continued to report for work and continued in the employment of the city after the passage of the ten day period.

When he was offered a check for his services, less the ten day period of suspension, he refused to accept it and instituted this action in assumpsit for his bimonthly pay of $130.23. The suit was tried before President Judge HOBAN without a jury and judgment was entered for the city. Exceptions were dismissed by the court en banc, consisting of the trial judge and ROBINSON and NEALON, JJ.

We do not have to decide the question as to whether a mayor of a third class city, under his duties to supervise the conduct of all city officers and the affairs of the city, as provided in The Third Class City Code, 1931, P. L. §932, Art. XII, §1204, as amended, 1951, P. L. §662, Par. 12.2, 53 PS §36205, has equal power with the department head to "suspend any employe of such department for a period of ten days with or without pay without preferring charges and without a hearing of council." The Third Class City Code, supra, §4408, 53 PS §39408. It is not properly before us.

The procedure is clearly set forth in The Third Class City Code for an aggrieved employe to determine the legality of the suspension itself and the court below and this Court cannot hear it raised by assumpsit. Rush v. Philadelphia, 62 Pa. Superior Ct. 80 (1916); Kohn v. Philadelphia, 156 Pa. Superior Ct. 112, 39 A. 2d 531 (1944). The provisions of civil service laws dealing with terminating employment

against the will of the employe must be strictly followed. *Geis Appeal*, 341 Pa. 413, 19 A. 2d 368 (1941). A broad discretion is vested in the administrative officials as to what constitutes just cause for suspension or dismissal under the civil service act; a court cannot substitute its judgment for that of the trial board, in this case the city council, in whom the discretionary power is vested. *Zeber Appeal*, 398 Pa. 35, 156 A. 2d 821 (1959).

The Firemen's Civil Service Act of May 31, 1933, P. L. 1108, §10, 53 PS §39870, provides that, "No member of any fire department . . . shall be removed, discharged, or reduced in rank or pay except for just cause, . . . ." The act then provides for the charges to be reduced to writing and the necessary hearing by council. A right of appeal is provided for the aggrieved fireman to the Court of Common Pleas and the Supreme Court.

If we were to interpret the suspension in this case as a temporary removal so that it might fall within the terms of this Act then his proper appeal remedies to determine whether or not the suspension was warranted or whether or not the mayor had the legal right to suspend, was to council, Common Pleas and the Supreme Court under the Act.

We agree, however, with the court below that the disciplinary suspension is not a removal, a discharge, nor a reduction in rank or pay. "After his limited suspension was ended Loftus continued in the same position, the same rank and at the same rate of pay."

If it is not a removal then there is no provision in the Firemen's Civil Service Act, supra, for appeal from disciplinary suspensions. However, the appeal procedure for disciplinary suspension is clearly set forth in The Third Class City Code, supra, §4408, 53 PS §39408. "The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of

ten days, with or without pay, without preferring charges and without a hearing of council; but no employe shall be suspended more than one time for the identical or same violation or act of misconduct. . . . Any civil service employe aggrieved by the action of the council in fining, suspending or discharging him shall have the right to appeal by petition to the court of common pleas within thirty days after the suspension or after receipt of written notice of such action by council which it shall be the duty of the council to give and the court shall hear the charges made against him de novo. The issue before the court shall be whether the action of the council shall be affirmed or be modified in any respect or whether the charges should be dismissed or whether the suspension made by the director shall be affirmed or rescinded. Where any such employe has been suspended and the charges are dismissed or the suspension rescinded on appeal, he shall receive full compensation for the entire period of suspension."

The suspension for ten days is provided without requiring the preferring of charges and without a hearing by council, so that no councilmanic action is required. However, the appeal provided for is from action by council, while the suspension was by the mayor, so, if the aggrieved fireman had any appeal, from the disciplinary ten day suspension, it must have been from councilmanic action. He may have petitioned council to obtain a decision as to the legality of the suspension and would then have been in a position to take advantage of the appeal provision to petition the court of common pleas within thirty days from such determination. Most certainly, without such a determination of the preliminary question involved, under the broad discretion of the administrative tribunal, we have no jurisdiction of the subject matter in assumpsit.

Judgment affirmed.