Scarlett DeHART *v.* STATE of Arkansas

CR 92-638                                     849 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered March 22, 1993

*Young & Finley*, by: *Dale W. Finley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Cathy Derden*, Asst. Att'y Gen., for appellee.

STEELE HAYS Justice. This appeal questions whether a trial court exceeds its jurisdiction when, having imposed a sentence for a term of years, which the defendant has been serving, it adds a fine for a subsequent offense.

Scarlett DeHart was originally charged in September 1988 with overdraft and theft by deception. She was convicted and in January 1990 was sentenced to a ten-year term of imprisonment with suspended execution of five of those years, conditioned upon her living a law-abiding life. She began serving the five years which were not suspended.

In October 1990, Ms. DeHart was paroled from prison and the trial court entered an order acknowledging her release. Some months later she was arrested for attempting to obtain a controlled substance by the fraudulent use of a prescription. Separate proceedings were begun to revoke her parole and her suspended sentence. The parole revocation hearing was held first and the parole board chairman filed a summary of the hearing on September 9, 1991. He found insufficient evidence that the conditions of parole had been violated.

On November 4, 1991, a hearing was held on the revocation of the suspended sentence. The trial court found by a preponder-

ance of the evidence DeHart had violated conditions of her parole by fraudulently obtaining a controlled substance. Sentencing was set for December 9, 1991, and on that date the trial court held the sentence she was currently serving (10 years with five years suspended) should remain in effect and that in addition to the "fine, costs and restitution and fees previously assessed against the defendant in the judgment entered on January 9, 1990, she shall pay an additional fine of $250.00."

Appellant DeHart first argues the trial court exceeded its authority in assessing the $250 fine. The crux of the argument is: Once part of a sentence has been put into execution, may the sentence be modified or changed? The answer is no. A trial court loses jurisdiction to modify or amend the original sentence, once any part of a valid sentence is put into execution. *Jones* v. *State*, 297 Ark. 485, 763 S.W.2d 81 (1989).

At the sentencing on December 9, 1991, the trial court sentenced DeHart to ten years imprisonment, with the execution of five of those years to be suspended after serving the first five.[1] The trial court did not impose any fine for these convictions but included as a condition of suspension that she pay the fines on two existing, unrelated cases. Ms. DeHart began serving her sentence but was released on parole in October 1991. As she had begun incarceration, execution of the sentence had obviously begun.

It is clear that a trial court cannot modify or amend the original sentence once a valid sentence is put into execution. *Jones* v. *State, supra; Toney* v. *State*, 294 Ark. 473, 743 S.W.2d 816 (1987); *Lambert* v. *State*, 286 Ark. 408, 692 S.W.2d 238 (1985). The $250 fine was therefore invalid and the judgment must be modified to reflect that holding. *See Queen* v. *State*, 271 Ark. 929, 612 S.W.2d 95 (1981).

The state contends this point was not raised below and is therefore waived on appeal. However, we have treated the issue as jurisdictional and as not requiring an objection at the trial level. In *Jones* v. *State, supra*, the same issue was presented, i.e., the trial court had increased the sentence after it had been put into

---

[1] Suspended execution is now authorized under Act 956 of 1985 codified at Ark. Code Ann. § 16-90-115 (1987).

execution and objection was made for the first time on appeal. We wrote:

> Although appellant did not object in the trial court, she need not have done so. The trial court's loss of jurisdiction over a defendant "is always open, cannot be waived, can be questioned for the first time on appeal, and can even be raised by this court." *Coones v. State*, 280 Ark. 321, 657 S.W.2d 553 (1983); *Lambert v. State*, 286 Ark. 408, 692 S.W.2d 238 (1985).

Second, Ms. DeHart argues that the trial court erred in not making written findings at the revocation hearing as required by Ark. Code Ann. § 5-4-310(b)(5) (1987), which reads:

> If the suspension or probation is revoked the court shall prepare and furnish to the defendant a written statement of the evidence relied on and the reasons for revoking suspension or probation.

The trial court did not provide DeHart with a written statement of the evidence under § 5-4-310(b)(5), and she claims this is error. We disagree. The statute she relies on is, by its language, only applicable when the trial court has *revoked* a suspension or probation. Here, the trial court did not revoke the suspension. The record reveals the following:

> 1. The trial court issued an order on November 4, 1991, after the revocation hearing, finding defendant had violated the conditions of her suspended sentence by engaging in obtaining a controlled substance by fraud. The order continues: "Therefore, defendant's suspended sentence *should* be revoked." [Our emphasis.]

> The order further stated it was taking the matter under advisement as to sentencing and directed the defendant to report back to court for sentencing on December 9, 1991.

> 2. The trial court issued an order on December 9, 1991, to direct sentencing in the case. The order stated:

> The court, having previously found by a preponderance of the evidence that the defendant violated the condition of her suspended sentence, *hereby finds that the*

*sentence defendant is currently serving (ten years in the Arkansas Department of Correction with five years suspended) shall remain in effect.* In addition to the fine, costs, restitution and fees previously assessed against the defendant in the judgment entered on January 9, 1990, she shall pay an additional fine of $250.

*All conditions of defendant's suspended sentence shall remain in full force and effect,* including the condition that she live a law-abiding life (not committing any offense punishable by imprisonment, either felony or misdemeanor), during the period of suspension. [Our emphasis.]

■ While the trial court's order of November 4, 1991, did state that the suspended sentence should be revoked, with sentencing to be deferred for a month, it is clear from the wording emphasized above that the trial judge changed his mind before the actual sentencing on December 9 and declined to revoke the suspended sentence. As there was no revocation of the sentence, the statutory provision Ms. DeHart relies on is not applicable. Written findings are required only when suspension or revocation is *revoked. See* § 5-4-310(b)(5).

■ Scarlett DeHart next argues the evidence at the revocation hearing was insufficient to support a finding that she had committed any crime, and therefore, revocation was not appropriate. Again, the argument presupposes, incorrectly, a revocation was ordered. Consequently, whether there was or was not sufficient evidence to show she had committed the offense is moot.

Ms. DeHart next argues that the finding of the parole board was res judicata as to the issues decided in that hearing. Prior to the revocation hearing on November 4, 1991, a hearing was held before the parole board and a summary and finding of the parole board was filed on September 9, 1991. The parole board was apparently considering the effect of the allegation that she had committed the offense of obtaining controlled substances by fraud. The board found there was insufficient evidence to find she had violated the conditions of parole and DeHart now contends this proceeding was a bar to the later revocation hearing on November 4th because it involved the same issues.

■ However, we can't consider the argument as there is no abstract of the proceedings of the parole board. With no abstracted record of that proceeding, we have no way to review the argument. *See* Rule 9, rules of the Arkansas Supreme Court and Court of Appeals.

The final argument involves a second revocation hearing. On December 13, 1991, appellant was arrested for shoplifting in a Kroger store. The state subsequently filed a petition to revoke her suspended sentence and a hearing on the matter was held on April 6, 1992. Two witnesses testified. The first was Scott Renfroe, a lieutenant for the Pope County Sheriff's Office who was working part-time as security guard in Kroger at the time the offense occurred. The other witness was the appellant. Their versions differed as to an episode involving a bottle of perfume. Renfroe testified he had seen DeHart put the perfume bottle in her purse and leave the store without paying for it. She testified she merely laid it on a check-out stand as she was being checked out because she realized she did not have enough money to pay for it. The trial court stated at the conclusion of the hearing:

> I do have a problem with the shoplifting. I think based on everything that has been presented to this court from the officer and Ms. Kendrick [appellant DeHart], the more believable version of what took place out there rests with the officer. I think that conduct violated a condition of her suspended sentence.

The trial court entered a judgment on April 24, 1992, which reads in part:

> After hearing testimony of witnesses, examination of exhibits and argument of counsel, the court, being well and sufficiently advised, finds by a preponderance of the evidence that the defendant did violate the conditions of her suspended [sic] by failing to live a law-abiding life, to wit: defendant was convicted of shoplifting in Pope County Municipal Court.

■ Appellant argues the trial court was in error in basing its decision on the municipal court judgment because that judgment is being appealed and is not yet a final conviction. However, the fact that it is on appeal does not prevent the trial

court from using it as a basis for revocation. In *Barnes* v. *State*, 294 Ark. 369, 742 S.W.2d 925 (1988), the question was whether a revocation could occur before the appeal was concluded on the triggering offense. We answered in the affirmative:

> We have held that a conviction in violation of proba-tion warrants revocation even though the conviction may have been appealed. A conviction represented either a plea of guilty or nolo contendere or a finding of guilt beyond a reasonable doubt by a judge or jury. Given the fact that a revocation can be had in circumstances where the proof requirement is less stringent, *see Morrisey* v. *Brewer*, 408 U.S. 471 (1972), we find no error in revoking probation if a conviction has occurred, even though it may be on appeal.

Ms. DeHart also submits the trial court erred in relying on the municipal court conviction, as she was entitled to an independent determination by the trial court at the revocation hearing. We find no merit to this point. Judgments are generally construed like other instruments and the determinative factor is the intention of the court, gathered from the judgment itself and the record, including the pleadings and the evidence. *Magness* v. *McEntire*, 305 Ark. 503, 808 S.W.2d 783 (1991). Here, it is not entirely clear what was meant by the comment that Ms. DeHart was convicted of shoplifting in Pope County Municipal Court. However, any uncertainty is dispelled by the judge's remark at the conclusion of the hearing that he was basing revocation on the fact that he found the security guard's testimony more credible.

Affirmed as modified.