Danny HONEYCUTT *v.* CITY of FORT SMITH, George
Fisher, in His Capacity as Chairman of the Civil Service
Commission of Fort Smith, Arkansas, and Civil Service
Commission of Fort Smith, Arkansas

96-1210                                          939 S.W.2d 306

Supreme Court of Arkansas
Opinion delivered March 10, 1997

*Sam Sexton, III*, for appellant.

*Daily, West, Core, Coffman & Canfield, P.L.L.C.*, by: *Wyman R. Wade, Jr.*, for appellees.

ROBERT L. BROWN, Justice. Appellant Danny Honeycutt appeals a summary judgment against him relating to the denial of a trial and grievance hearing before appellee Civil Service Commission of Fort Smith (Commission) in connection with his ten-day suspension without pay. We agree with the trial court that neither proceeding was required under the facts of this case, and we affirm.

The events leading up to the ten-day suspension are taken from Honeycutt's testimony before the trial court and other documents introduced at the hearing. On July 30, 1995, Honeycutt,

who was a captain with the Fort Smith Police Department, and Reserve Officer Pat Wheeler responded to a disturbance call on Albert Pike Avenue in Fort Smith. The report received was that Charles Gough, Sr., was en route to a residence with a handgun. Fort Smith police officers located Gough, and Honeycutt and Wheeler pulled him over. Honeycutt concluded that Gough was extremely intoxicated and ordered him to get out of the car. Gough opened the car door, whereupon Wheeler reached into the car, and Gough slammed the car door on Wheeler's hand. Wheeler fell back, and Gough sped away, at which time Honeycutt pulled his revolver and shot at the left rear tire of the retreating vehicle. His shot missed the tire. A pursuit ensued with other police officers from the Fort Smith Police Department joining in the chase. More shots were fired by police officers. Gough drove into Oklahoma and was later arrested by Oklahoma police officers.

On September 1, 1995, a hearing board of the Fort Smith Police Department conducted a review of the conduct of the police officers involved in Gough's arrest. The board concluded with respect to Honeycutt that there was not sufficient justification for firing his revolver at Gough's vehicle and further that Honeycutt "could have more aggressively exercised command and control of the high speed pursuit situation which later developed." The board recommended a ten-day suspension without pay as a disciplinary action, and the Fort Smith Chief of Police concurred.

On September 13, 1995, Honeycutt's counsel wrote the Commission and requested "a trial and hearing" before the Commission "and before any other administrative body and/or court of law or equity" on Honeycutt's suspension in accordance with Commission rules and Arkansas statutes. On September 25, 1995, the Chairman of the Commission replied that Commission rules stated that a suspension without pay was not considered to be a reduction in pay and, accordingly, a trial was not required under state statutes or Commission rules. On October 5, 1995, Honeycutt's counsel wrote the Director of Human Resources for the City of Fort Smith that his initial request was intended to be a request for a grievance hearing under Commission Rule ¶5.05. On October 20, 1995, counsel for the Commission wrote

Honeycutt's attorney that a grievance hearing had been set for November 15, 1995. The letter then continued:

> It is the position of the Commission, and a position which seems to be obvious from the Rules, that a request for a grievance hearing under Rule 5:05 cannot be used as a basis to obtain a trial on the disciplinary action which is expressly denied by Rule 5:03. Therefore, the Commission does not intend to grant a trial and review the action of the Chief of Police in disciplining Captain Honeycutt with a ten day suspension without pay.
>
> Without anticipating what might be the basis for Captain Honeycutt's grievance, the Commission will be available to hear whatever information Captain Honeycutt desires to present regarding his "grievance." However, the Commission reserves the right to discontinue any effort which is nothing but an effort to obtain a trial and review by the Commission of the disciplinary action taken by the Chief of the Police Department.

On October 25, 1995, Honeycutt sued appellees City of Fort Smith, Commission, and George Fisher, as Chair of the Commission, and prayed that the ten-day suspension without pay be reversed, or, alternatively, for mandamus for a hearing before a neutral body, and for damages. The appellees answered that Honeycutt had failed to exhaust administrative remedies. Because of the Commission's denial of a trial and because of the filed complaint, Honeycutt's counsel informed counsel for the Commission that the grievance hearing set for November 15, 1995, was not necessary. The grievance hearing, accordingly, was cancelled. Later, the appellees moved for summary judgment on the grounds that Honeycutt was not entitled to a hearing before the Commission. Honeycutt answered the motion, alleging that the statutes and Commission rules conflicted and adding that, in any case, he was entitled to a hearing on his ten-day suspension under Commission rules and state statutes.

The trial court conducted a hearing on the summary-judgment motion. In doing so, testimony was taken from Honeycutt and documents gathered through discovery were presented. Counsel for the City and Commission objected to the matter "going to trial" at this hearing, but his objection was overruled.

By subsequent order entitled "Summary Judgment of Dismissal," the trial court granted summary judgment to the City, Commission, and Chairman of the Commission and dismissed the matter with prejudice. In its order, the trial court found that a ten-day suspension without pay was not a reduction in compensation under Commission rules and that this interpretation by the Commission did not run afoul of state statutes. The trial court also found that a grievance hearing had been scheduled by the Commission at Honeycutt's request but then cancelled at the request of Honeycutt's counsel.

## I.   Order of the Trial Court

We first address our concern with the order of the trial court, though this precise matter has not been raised as an issue in this appeal. Although the order is styled Summary Judgment of Dismissal, the trial court received testimony from Honeycutt at the summary-judgment hearing, and by doing so, went beyond the pleadings, discovery, and affidavits in reaching its decision. *See* Ark. R. Civ. P. 56(c). Thus, the court converted the matter from a proceeding for summary judgment to a bench trial on the question of whether Honeycutt was afforded his procedural rights before the Commission. *See Godwin v. Churchman,* 305 Ark. 520, 810 S.W.2d 34 (1991). The trial court then entered judgment in favor of the appellees, though it was styled inconsistently as both a summary judgment and a dismissal. We have stated in the past that we will look to the wording of an order or judgment to determine its essence. *DeHart v. State,* 312 Ark. 323, 849 S.W.2d 497 (1993); *Magness v. McIntire,* 305 Ark. 503, 808 S.W.2d 783 (1991). Here, the judgment was not an order of summary judgment for the reasons already stated. We conclude that the judgment followed a bench trial, though the appellees declined to offer testimony, and was dispositive of the issue of whether Honeycutt was denied a trial or hearing under state statutes or Commission rules. We will treat the judgment as such.

## II.   Right to Trial

For his first issue, Honeycutt contends that the Civil Service Code affords him a right to a trial before the Commission when

the disciplinary action is a ten-day suspension without pay. He cites us to Ark. Code Ann. §§ 14-51-301 and 308 (1987 & Supp. 1995), as authority for his position. We disagree with his reading of those statutes.

■ Our civil service statutes do provide that Commission rules must allow for a trial when a firefighter or police officer is discharged or reduced in rank or compensation and when that person denies the reasons for the disciplinary action and demands a trial. *See* Ark. Code Ann. § 14-51-301(b)(11)(B) (1987 & Supp. 1995). Section 14-51-301, though, does not require Commission rules to include a trial for ten-day disciplinary suspensions. The civil service statutes further provide that civil service employees may request a trial before the Commission because of *discharge*. Ark. Code Ann. § 14-51-308(b)(1) (1987 & Supp. 1995). But no specific right to a trial before the Commission is granted in § 14-51-308, when a ten-day disciplinary suspension is the issue. We note in this regard that both § 14-51-301 and § 14-51-308 make reference to suspensions, but, again, neither statute confers upon a civil service employee the right to a trial when a suspension is the disciplinary penalty involved.

Honeycutt, however, argues that he is entitled to a trial under § 14-51-301(b)(11) because his ten-day suspension without pay equates to a reduction in compensation for which trials are allowed. We first note on this point that Commission rules specifically state "a suspension without pay shall not be considered a reduction in pay." Rules of the Fort Smith Civil Service Commission ¶5:03. In addition, both § 14-51-301 and § 14-51-308 use the terms "suspension" and "reduction in compensation" separately and not in a synonymous vein. We also agree with the appellees that a civil servant, following a brief suspension, may return to the same pay while a reduction in compensation contemplates just what it says — a reduced amount of compensation while on the job. *See also Loftus v. City of Carbondale*, 195 Pa. Super. 52, 169 A.2d 581 (1961), *rev'd on other grounds, Loftus v. City of Carbondale*, 405 Pa. 276, 175 A.2d 85 (1961). Finally, a suspension *without pay* means no pay, which is the antithesis to a sanction where existing pay is reduced.

■ We, therefore, find no statutory basis or support in the Commission rules or our caselaw for Honeycutt's position that a ten-day suspension carries with it the right to a trial before the Commission.

## II. Grievance Hearing

For his second point, Honeycutt complains that he was denied a grievance hearing which he was entitled to under ¶5:05 of the Commission rules. That rule specifically allows that a civil servant "who has grievance relating to the matters covered by these rules" may present the grievance in writing to the Commission and request a hearing on it. A ten-day suspension for disciplinary reasons is clearly a matter covered by the Commission rules.

We first are confronted with the question of how a grievance hearing before the Commission differs from a trial before the Commission. It is obvious from his correspondence that counsel for Honeycutt recognized that there is a distinction between the two proceedings, although it is equally obvious that Honeycutt's counsel refers to a trial and grievance hearing interchangeably in his briefs on appeal. The Commission's counsel made it clear that Honeycutt could not use a grievance hearing as a means for obtaining a trial and as a device for a review of the Police Chief's decision to discipline Honeycutt with a suspension. But contrary to Honeycutt's representation on appeal, counsel for the Commission did not say Honeycutt was foreclosed from presenting evidence at a grievance hearing. Indeed, counsel wrote in his October 20, 1995 letter: "[T]he Commission will be available to hear whatever information Captain Honeycutt desires to present regarding his 'grievance.'"

■ In our judgment, Honeycutt cannot decline to have a grievance hearing and then proclaim that he was denied one. Honeycutt elected to file suit and forego his right to a grievance hearing. As a result, it is virtually impossible for this court to know precisely what was denied him or what avenues for presenting proof would have been available to him at a grievance hearing. A grievance hearing in other contexts is a procedure for the informal resolution of disputes over employee policies. *See, e.g.,* Ark.

Code Ann. § 6-17-208 (Repl. 1993) (grievance procedure for school district employees). Thus, we take the grievance procedure available to Honeycutt to embrace a public airing of concerns over a department decision but without the formality of an adversary proceeding associated with a trial. We hold that the trial court was not in error in finding that Honeycutt voluntarily relinquished his right to a grievance hearing, which was a right known to him at the time he relinquished it. *See Smith v. Walt Bennett Ford, Inc.*, 314 Ark. 591, 864 S.W.2d 817 (1993). We further conclude that Honeycutt has not clearly shown this court how he was prejudiced by the Commission's position that he was entitled to a grievance hearing but not to a trial.

Because we hold that Honeycutt was not entitled to a trial and that he waived a grievance hearing before the Commission, there is no need to address his final point that this court should order a trial before "an unbiased administrative body."

Affirmed.