Teresa SPAINHOUR *v.* DOVER SCHOOL DISTRICT

CA 96-519                                          943 S.W.2d 610

Court of Appeals of Arkansas
Divisions III & IV
Opinion delivered May 7, 1997

*Raochell Law Firm*, by: *Travis N. Creed*, for appellant.

*David H. McCormick*, for appellee.

JOHN MAUZY PITTMAN, Judge. This appeal is from a judgment of the Pope County Circuit Court dismissing with prejudice appellant Teresa Spainhour's appeal from a decision of the Dover School Board not to renew Spainhour's teaching contract for the 1994-1995 school year. Spainhour argues that the board's decision failed to comply with either the notice requirements of the Teacher Fair Dismissal Act (Ark. Code Ann. § 6-17-1501, *et seq.* (Repl. 1993)) or the school district's reduction- in-force policy.

The facts are not in serious dispute. In March of 1988, appellant began working for appellee, the Dover School District, as a migrant clerk and a Chapter One aide. Appellant was certified to teach grades one through six. She became a full-time teacher in the fall of 1988 and worked as a Chapter One High School Teacher and as the coordinator for the Coordinated Compensatory Vocational Educational Program (CCVE). Both programs were partially funded on a yearly basis with federal monies.

In April of 1994, appellant received a letter from Dr. Richard Paul, appellee's superintendent, advising her that he would recommend to the board at its next meeting that her teaching contract for the 1994–1995 year not be renewed. This letter was the last of five letters that began in June of 1993 advising appellant of possible cuts in federal funds that could eliminate her program.

On May 9, 1994, the school board held a regular meeting and adopted the superintendent's recommendation to eliminate the Chapter One program. Appellant was not present at this meeting. As a result of the board's decision to terminate the Chapter One program due to cuts in federal funding, appellant's position was eliminated, and her contract was not renewed.

On May 12, 1994, appellant, pursuant to Ark. Code Ann. § 6-17-1509, requested a hearing before the board. The board scheduled a hearing for May 18, 1994. Appellant and her representative appeared and presented evidence concerning the elimination of the Chapter One program and the application of the reduction-in-force policy. At the beginning of the hearing, appellant's counsel polled the board members to determine whether they would be open to the information that would be presented and whether they could be fair and impartial without any preconceived ideas concerning the elimination of the Chapter One program. The board members stated that the purpose of the hearing was to reconsider their previous decision, that they unanimously agreed to be open to the information presented, and that they would be fair and impartial without preconceived ideas concerning the elimination of the Chapter One program. Thereafter, Dr. Paul testified regarding the financial condition of the school district and the basis for his earlier recommendation. Appellant then presented evidence concerning the performance of the Chapter One program and information about her funding source. She also testified regarding her interpretation of the reduction-in-force policy and its provision regarding seniority. After the superintendent's rebuttal and closing arguments, the board retired into executive session and deliberated for fifty-five minutes before returning to open session and voting not to renew appellant's contract.

Spainhour appealed the board's decision to the circuit court claiming that the nonrenewal of her contract was in violation of the Arkansas Teacher Fair Dismissal Act and the district's personnel policies. Testimony was taken from various witnesses regarding the financial condition of the district, and the application of the staff reduction-in-force policy. After reviewing the board's May 18 proceedings and all of the testimony and exhibits introduced at trial, the court found that the action of the Dover Public School District in not renewing appellant's teaching contract was not in violation of the Arkansas Teacher Fair Dismissal Act. We find no error and affirm.

Arkansas Code Annotated § 6-17-1509(a) and (b) provide in part that a teacher who receives a notice of recommended termination or nonrenewal may file a written request with the board of directors of the district for a hearing within thirty days after the written notice of proposed termination or nonrenewal is received by the teacher.

Appellant first argues that notwithstanding the school board's statement that it would reconsider its May 9 decision without any preconceived ideas, this case should be reversed because the board violated the Arkansas Fair Teacher Dismissal Act when it did not renew the contract of appellant on May 9 prior to providing proper notice and an opportunity to be heard as required by law.

Appellant correctly argues that since 1989 the General Assembly has required strict compliance with the Teacher Fair Dismissal Act. Arkansas Code Annotated § 6-17-1503 reads as follows:

> A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district strictly complies with all provisions of this subchapter and the school district's applicable personnel policies.

Failure to strictly comply with the Act renders action by the school district void. *Lester v. Mount Vernon-Enola School District*, 323 Ark. 728, 917 S.W.2d 540 (1996); *Western Grove School District v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994).

In *Murray v. Altheimer-Sherrill Public Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988), the board rescinded its vote made in an earlier hearing regarding whether Murray's teaching contract should be renewed for the reasons stated in the superintendent's recommendation. The board president opened the meeting with an admonition that that was the only issue before the board and that only information pertinent to that issue would be allowed. The board president cautioned the board: "[You] should not vote based on any preconceived notions, indeed, if you have any, but should make your decision solely on what has been brought before you and will be brought before you during this hearing." 294 Ark. at 408, 743 S.W.2d at 791. At the conclusion of the hearing, the board again voted not to renew Murray's teaching contract. The circuit court upheld that decision. The supreme court held that this cautionary instruction, coupled with the board's formal rescission of its original vote, cured any error resulting from the earlier hearing and stated that "we presume that the board members are fair-minded and resolve matters presented to them on an impartial basis." It held that the trial court's conclusions that the board substantially complied with the notice and hearing provisions of the Act were not clearly erroneous.

█    Although Murray was decided when the law required only "substantial" compliance with the Act, we find it controlling and dispositive in the case before us. We find that the board's May 18 hearing afforded appellant all of her rights under the Act and that the actions of the board strictly complied with the Act.

Appellant's final argument concerns the school district's failure to adhere to and strictly comply with the applicable provisions of its reduction-in-force policy as required by law. Ark. Code Ann. § 6-17-1503. The staff reduction-in-force policy states in part: "When it is necessary to reduce the number of permanent employees, consideration will be given to the following factors: (1) Performance, (2) Ability and Skill, and (3) Seniority. . . ." Seniority is defined in the policy as "that period of time an employee has worked for the Dover School District." The policy further states:

> Should two or more employees have equal ability, skill, and performance, seniority shall govern which employee shall be retained. Should there be a difference in performance, ability,

and skill between two or more employees sufficiently great in the judgment of the supervisor to outweigh seniority, performance, ability and skill shall govern.

In the Spring of 1994, the district's funds available for the Chapter One programs were reduced. Dr. Paul testified that the reduction in funding required that he request that the principals evaluate the high school and elementary Chapter One programs and to report their findings to him. After receiving their reports, it was determined that the most significant gains were in the elementary level. Based on the reports, Dr. Paul testified that he made a decision to recommend to the board at its regular meeting on May 9, 1994, that the high school Chapter One program be eliminated. Appellant interprets the reduction-in-force policy to mean that because she held a teaching certificate for the elementary level and had been employed longer than three of the elementary teachers, she should have been retained on the basis of seniority without regard to the position held by those three teachers. Dr. Paul testified that appellant's six years of experience in the district was at the high school level. He stated that in his opinion, when a comparison was made with those elementary teachers over whom appellant held seniority, the elementary teachers possessed more skills and ability than appellant and that although appellant's experience at the high school level had been acceptable, it did not follow that she could successfully transfer those skills to the elementary level where she had never taught during the normal school year. Dr. Paul testified that at the high school level, appellant taught in a one- on-one computer-generated laboratory focusing on areas of individual needs. He stated that this was totally different from an elementary teacher who was responsible for establishing reading groups, diagnosing reading skills, teaching math, science, social studies, health, and art, and dealing with the daily demands that would occur with twenty-five students. Appellant presented no evidence of the abilities and skills of the three teachers with whom she sought comparison.

The determination not to renew a teacher's contract is a matter within the school board's discretion, and the circuit court cannot substitute its opinion for that of the board in the absence of an abuse of discretion. *Murray v. Altheimer-Sherrill Public Schools,*

*supra.* It is not the appellate court's function to substitute its judgment for that of the circuit court or the school board; the appellate court will reverse only if it finds on review of the trial court's decision that the court's findings are clearly erroneous. *Id.*

██ A trial court's findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial judge to assess the credibility of the witnesses. *Tovey v. City of Jacksonville*, 305 Ark. 401, 808 S.W.2d 740 (1991). Here the testimony was conflicting, and we cannot determine that the circuit court erred in its determination that the school board did not violate the Teacher Fair Dismissal Act or misapply the personnel policy. *Whitfield v. Little Rock Public Schools*, 25 Ark. App. 207, 756 S.W.2d 125 (1988).

Affirmed.

COOPER and BIRD, JJ., agree.

ROGERS, STROUD, and MEADS, JJ., dissent.

MARGARET MEADS, Judge, dissenting. I disagree with the prevailing opinion in this case because I believe it completely disregards the strict compliance requirement of the Teacher Fair Dismissal Act as well as precedent established by our supreme court in *Western Grove School District v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994).

Under present law, the Teacher Fair Dismissal Act requires notice of recommended nonrenewal to a teacher, Ark. Code Ann. § 6-17-1506 (Repl. 1996), and authorizes a teacher so notified to request in writing a hearing before the school board on the nonrenewal, Ark. Code Ann. § 6-17-1509(a) (Repl. 1996). The Arkansas Supreme Court has held that notice and a hearing must be afforded to the teacher before the board's decision on nonrenewal, *Green Forest Public School v. Herrington*, 287 Ark. 43, 696 S.W.2d 714 (1985). The question in *Green Forest* was whether the board substantially complied with the notice requirement by conducting a hearing on a teacher's nonrenewal *after* the board had met and decided against renewing his contract, and the court held it did not.

After the decision in *Green Forest*, the General Assembly amended the Teacher Fair Dismissal Act with Act 625 of 1989, which provides:

> A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be void unless the school district strictly complies with all provisions of this subchapter and the school district's applicable personnel policies.

Ark. Code Ann. § 6-17-1503 (Repl. 1996). Thus, under current law, a teacher must be notified of a nonrenewal recommendation *prior* to board action and, absent strict compliance, a school district's action to nonrenew shall be void.

In this case, the Dover School Superintendent sent a letter dated April 12, 1994, to appellant notifying her that he would recommend to the school board, at its regular meeting on May 9, 1994, that her contract not be renewed for the 1994-95 school year. The school board met on May 9 and voted in favor of the Superintendent's recommendation to eliminate both the high school Chapter One program which appellant taught, and appellant's position. By letter dated May 12, 1994, appellant requested a hearing before the school board, unaware of the board's May 9 action. She was granted a hearing on May 18. At the conclusion of the May 18 hearing, the board again voted not to renew appellant's contract.

The prevailing members of this court believe that by polling the board members at the beginning of the May 18 hearing and verifying that they could be fair and impartial, before listening to appellant, her counsel, and her evidence, strict compliance has been achieved. I disagree. I believe that the board's impartiality was tainted by its original decision-making process when it met again on May 18, heard the Superintendent's recommendation and reasoning, and acted thereon. I agree completely with the supreme court's logic in *Western Grove School District v. Terry*, 318 Ark. 316, 322, 885 S.W.2d 300, 302 (1994): "After a board has made its decision, the teacher is confronted with the much more daunting task of reversing formed opinions and formal action by the board members. The prejudice to the teacher under such circumstances is obvious and real."

Because the Dover School District failed to strictly comply with the notice provision of the Teacher Fair Dismissal Act, its action to nonrenew appellant's contract should have been held void and her contract reinstated. I would reverse and remand this case.

I respectfully dissent.

ROGERS and STROUD, JJ., agree.