# Glenda HANNON *v.* ARMOREL SCHOOL DISTRICT # 9, aka Armorel Public Schools

96-1014                                                946 S.W.2d 950

Supreme Court of Arkansas
Opinion delivered June 30, 1997

*Roachell Law Firm*, by: *Travis N. Creed*, for appellant.

*W. Paul Blume*, for appellee.

ROBERT L. BROWN, Justice. Appellant Glenda Hannon raises three points on appeal in connection with her termination under her school contract for the 1992-93 school year and the circuit court's dismissal of her appeal: (1) the trial court erred in permitting appellee Armorel School District to use conduct under a prior contract to terminate her; (2) the General Assembly did not intend for termination procedures to be a "backup" to violation of the nonrenewal provisions; and (3) termination by the School District violated the strict compliance provision of the

Arkansas Teacher Fair Dismissal Act. We agree with Hannon, and we reverse and remand.

Hannon had worked in the School District for the 1990-91 and 1991-92 school years as an elementary school teacher. She taught a gifted-and-talented class and instructed students in music and reading. In April 1992, then Superintendent Jim Thomas recommended to the Armorel School Board that Hannon's contract not be renewed. The School Board accepted the recommendation and voted not to renew Hannon's contract. No notice was given to Hannon of these proceedings. On April 22, 1992, Hannon received a letter from Superintendent Thomas that concluded she had not performed adequately based on performance reports, complaints from parents of students, and the superintendent's own observations. Hannon then filed a complaint with the School District about its failure to give her a proper nonrenewal notice, and the School Board reversed itself and elected to grant her a new contract on July 27, 1992. Next, in a letter dated August 12, 1992, Superintendent Thomas informed Hannon that he was going to recommend her termination. In a follow-up letter dated August 17, 1992, Thomas informed Hannon that she was suspended with pay pending the School Board's decision. A termination hearing was held, and Hannon was terminated on September 24, 1992. For the 1992-93 school year, Hannon engaged in substitute teaching in another school district. In August 1993, she entered into a teaching contract with the Helena School District.

Hannon filed a notice of appeal to circuit court from her termination and sought reinstatement and back pay. After the School District answered, she moved for summary judgment on the same grounds raised in this appeal. A hearing was held in circuit court, and the court heard testimony about Hannon's performance in the 1991-92 school year from Superintendent Thomas, Tom Gothard (president of the Armorel School Board), Sydney Kennedy (high school principal), and Kathy Lee (elementary school principal). Kathy Lee in particular testified that she received complaints about Hannon from the parents of students, the students themselves, and teachers. The complaints from the teachers, according to Lee, included "unfair treatment in the class-

room, picking on other students, out of control, having other teachers handle discipline problems she should have handled in the classroom. It was forcing the other teachers to take their breaks and time off to handle the discipline problems that Ms. Hannon should have handled." Other complaints also prompted Lee to investigate claims of Hannon's poor performance. Lee testified that she personally observed Hannon in the classroom and that she worked out plans with Hannon to better her performance. For example, she assisted Hannon in attending reading classes at Arkansas State University to improve her teaching skills. Lee testified that she saw no significant improvement in Hannon's performance. Sydney Kennedy, on the other hand, also evaluated Hannon during the 1991-92 school year and gave her above average marks for her teaching acumen.

The trial court ruled from the bench. The court considered the testimony presented as well as the transcript of the prior hearing before the School Board. The court concluded that the board would have been justified in either a nonrenewal or a termination, that Hannon's due process rights were not violated, and that the School Board's action was not arbitrary or capricious. The court denied Hannon's motion for summary judgment and dismissed her appeal with prejudice.

We first feel compelled to discuss the order of dismissal by the trial court. The order was entered following a hearing on a motion for summary judgment in which the circuit court heard testimony. We recently had a similar situation in *Honeycutt v. City of Fort Smith*, 327 Ark. 530, 939 S.W.2d 306 (1997), where we concluded as follows:

> Although the order is styled Summary Judgment of Dismissal, the trial court received testimony from Honeycutt at the summary-judgment hearing, and by doing so, went beyond the pleadings, discovery, and affidavits in reaching its decision. *See* Ark. R. Civ. P. 56(c). Thus, the court converted the matter from a proceeding for summary judgment to a bench trial on the question of whether Honeycutt was afforded his procedural rights before the Commission. *See Godwin v. Churchman*, 305 Ark. 520, 810 S.W.2d 34 (1991). The trial court then entered judgment in favor of the appellees, though it was styled inconsistently as both

a summary judgment and a dismissal. We have stated in the past that we will look to the wording of an order or a judgment to determine its essence. *DeHart v. State*, 312 Ark. 323, 849 S.W.2d 497 (1993); *Magness v. McIntire*, 305 Ark. 503, 808 S.W.2d 783 (1991). Here, the judgment was not an order of summary judgment for the reasons already stated. We conclude that the judgment followed a bench trial, though the appellees declined to offer testimony, and was dispositive of the issue of whether Honeycutt was denied a trial or hearing under state statutes or Commission rules. We will treat the judgment as such.

*Honeycutt*, 327 Ark. at 534, 939 S.W.2d at 308. Similarly, we will treat the order in this case as a judgment following a bench trial.

Hannon first contends that our case law prohibits the School District from considering a teacher's conduct under a prior contract when making a termination decision. Hannon further contends that despite the defective nonrenewal due to failure to notify her, the School District still had approximately a month after the May 1 deadline to correct any errors and to terminate Hannon lawfully, and it failed to do so. Hannon underscores the point that the School District conceded that there was no conduct under the new 1992-93 contract to justify termination.

■■ The Teacher Fair Dismissal Act requires strict compliance with all its provisions; otherwise, a nonrenewal, termination, suspension or other disciplinary action by the School District is void. Ark. Code Ann. § 6-17-1503 (Repl. 1993); *Love v. Smackover Sch. Dist.*, 322 Ark. 1, 907 S.W.2d 136 (1995); *Western Grove Sch. Dist. v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994). With respect to nonrenewal specifically, if notice of nonrenewal is not given to the teacher before May 1 of the contract year, the teacher's contract is automatically renewed for the next school year. Ark. Code Ann. § 6-17-1506(a) (Repl. 1993). Requirements for termination are spelled out in the next section of the Act:

> (a) A teacher may be terminated during the term of any contract for any cause which is not arbitrary, capricious, or discriminatory.
>
> (b) The superintendent shall notify the teacher of the termination recommendation.

(c) The notice shall include a simple but complete statement of the grounds for the recommendation of termination and shall be sent by registered or certified mail to the teacher at the teacher's residence address as reflected in the teacher's personnel file.

Ark. Code Ann. § 6-17-1507 (Repl. 1993). A cause for termination is arbitrary and capricious if it is not supported by any rational basis. *Lamar Sch. Dist. No. 39 v. Kinder,* 278 Ark. 1, 642 S.W.2d 885 (1982).

Hannon cites two cases to support her argument that conduct from a prior school year may not be used to support a termination in a subsequent school year. In *Allen v. Texarkana Pub. Sch.,* 303 Ark. 59, 794 S.W.2d 138 (1990), we reversed the circuit court's decision that the school district did not act arbitrarily in not renewing the contract. In that case, the notice of nonrenewal to the teacher contained one generic allegation for each of the years 1983, 1984, and 1987 with two generic complaints for 1988. In reaching our decision, this court looked to *Ottinger v. Sch. Dist. No. 25,* 157 Ark. 82, 247 S.W. 789 (1923), and the proposition stated in that decision that conduct under a teacher's prior contract cannot constitute grounds for avoidance of a subsequent contract.

In *Allen,* the school board met in 1988 and terminated the teacher's contract based on conduct that occurred in 1983 and 1984, but not based on conduct occurring in 1987 and 1988. We held this decision to be arbitrary and capricious. We further observed that the superintendent's reference to a pattern of conduct or compilation of repeated behavior was insufficient because the reasons for the charges were not specified in the notice of nonrenewal. We concluded:

> It is obvious to us that the nonrenewal of Allen's contract was based either on his conduct which occurred in 1983 and 1984 under previous contracts, or on charges which were not set out in the superintendent's statement for nonrenewal. Regardless of which reason, we find the actions of the board arbitrary and capricious.

*Allen,* 303 Ark. at 63, 794 S.W.2d at 140.

■ Our holding in *Allen* was clearly premised on the failure to specify reasons for nonrenewal, which presumably included unspecified conduct that occurred some five years previously. We do not question the rationale for that decision. But the facts in *Allen* differ from those before us today. In the instant case, the issue is whether conduct in the 1991-92 school year can be used *exclusively* to terminate a teacher at the commencement of the 1992-93 school year. We think not. Section 6-17-1507(a) refers to termination during the term of a contract for any cause. We construe this subsection to tie the questionable conduct to the current contract term. Here, by everyone's agreement, that was not done. Without a ground for termination in the 1992-93 school year, there was no basis for Hannon's termination. We hold that Hannon's termination by the School Board, which relied exclusively on past conduct, was arbitrary and capricious.

■ This is not to say that a pattern of conduct spanning several contract years may not be presented to a school board as the grounds for termination in addition to the conduct in the current school year. The specific conduct constituting the pattern, however, and the years when it transpired must be set out in the notice of termination to meet the requirements of § 6-17-1507.

We further agree with the policy argument made by Hannon that termination under § 6-17-1507, as it occurred in this case, was merely a subterfuge to enforce nonrenewal. To be sure, the School District had the remedies of nonrenewal and termination available to it in Hannon's case. However, it appears obvious to this court that termination was used in this case to effect a nonrenewal when the procedure for nonrenewal was void due to noncompliance with the statute. Thus, the School District impermissibly sought to do indirectly that which nonrenewal provisions did not permit it to do directly. *See Simmons v. Estate of Wilkinson*, 318 Ark. 371, 885 S.W.2d 673 (1994). Were termination to be approved in instances such as this, a defective nonrenewal could be easily circumvented in every case. We decline to issue an opinion that would have the effect of undermining the clear directive of the General Assembly and emasculating the standard of strict compliance with the nonrenewal provision.

■ In short, we view Hannon's contention that termination must not be used as merely a backup for a flawed nonrenewal as a point well taken. We reverse the trial court's order for this reason as well. Because we have already discussed strict compliance with the Arkansas Teacher Fair Dismissal Act, we need not address Hannon's third point.

■ The order of the circuit court is reversed, and we remand with instructions for the circuit court to determine damages for the 1992-93 school year. We decline, however, to order Hannon's reinstatement because we perceive that issue as being moot.

Reversed and remanded.