Teresa SPAINHOUR *v.* DOVER PUBLIC SCHOOL
DISTRICT

97–533                                958 S.W.2d 528

Supreme Court of Arkansas
Opinion delivered January 15, 1998

*Roachell Law Firm*, by: *Travis N. Creed*, for appellant.

*McCormick & Kennedy, P.A.*, by: *David H. McCormick*, for appellee.

TOM GLAZE, Justice. Teresa Spainhour petitions for the review of the court of appeals' three-three decision, affirming the trial court's ruling that the Dover School District's action complied with the Arkansas Teacher Fair Dismissal Act when the District voted not to renew Spainhour's teaching contract. *See Spainhour v. Dover School Dist.*, 57 Ark. App. 195, 943 S.W.2d 610 (1997). We reverse the trial court's and court of appeals' decisions.

The facts are essentially undisputed, and are correctly set forth in the court of appeals' prevailing opinion. Our difference with the court of appeals' opinion is its erroneous reliance on *Murray v. Altheimer-Sherrill Public Schools*, 294 Ark. 403, 743 S.W.2d 789 (1988). We repeat only those facts needed to understand the court's misapplication of the *Murray* holding to Spainhour's situation.

In 1988, Spainhour was hired by the District, and was a Chapter One high school teacher and coordinator for the Dover School District's vocational educational program. The program was largely dependent upon the availability of federal funds. In 1993, the District's superintendent, Dr. Richard Paul, became aware that federal funds might be cut, and he notified Spainhour of his strong concerns that the Chapter One program might be eliminated. Later, by letter dated April 12, 1994, Paul informed Spainhour that, in accordance with Ark. Code Ann. § 6-17-1506 (Supp. 1997) of the Teacher Fair Dismissal Act, he was notifying her that his recommendation to the Board at its May 9, 1994 meeting would be not to renew her contract for the 1994-1995 school year. Paul's April 12 letter further related he was forced to make this recommendation because of the lack of sufficient funding of the Chapter One program, but advised further that, in the event an opening occurred within the district in an area for which

she was qualified, Spainhour would be considered for any new position according to the terms of the district policy.

Although Ark. Code Ann. § 6-17-1509 (Repl. 1993) of the Teacher Fair Dismissal Act provides that a teacher, receiving a notice of nonrenewal, has thirty days after its receipt to request a hearing, the Board here held its meeting on May 9th — less than thirty days after receipt — when it first decided not to renew Spainhour's contract. Spainhour timely requested a hearing by letter dated May 12, 1994, but the Board did not conduct that hearing until May 18, 1994, or after it had already accepted Dr. Paul's recommendation not to renew Spainhour's contract on May 9th.

By letter dated May 19, 1994, the Board formally notified Spainhour that the May 18th hearing had been conducted to consider Paul's original nonrenewal recommendation, and the Board's prior (May 9) decision to accept it. The Board's letter concluded that, after hearing testimony and reviewing the evidence, the Board again accepted Dr. Paul's recommendation.

Spainhour appealed the Board's decision to circuit court, claiming the Board's actions had violated the Teacher Fair Dismissal Act. Upon reviewing the Board's May 18 proceedings and additional testimony presented on appeal, the trial court upheld the Board's ruling.

In her appeal to the court of appeals, Spainhour again argued that, notwithstanding the Board's statement at its May 18 meeting that it would reconsider its May 9 decision without any preconceived ideas, the Board clearly did not do so, since it did not renew Spainhour's contract even though she had been denied an opportunity to be heard as required by law. The court of appeals disagreed with Spainhour's argument that the Board failed to comply with the Teacher Fair Dismissal Act. In doing so, the court of appeals relied on *Murray*, 294 Ark. 403, 743 S.W.2d 789, and concluded that the Board's May 18 hearing afforded Spainhour all of her rights under the Act and that the actions of the Board strictly complied with the Act. We must disagree.

The *Murray* decision was rendered in 1988 and, like the present case, the school board, upon recommendation of the superintendent, voted not to renew the teacher's (Billy J. Murray's) contract. Realizing that it had voted not to renew Murray's contract before affording notice and an opportunity to be heard, the school board met again and rescinded its earlier vote. The school board then granted Murray's subsequent request for a hearing and, at the conclusion of the hearing, voted again not to renew Murray's teaching contract. The trial court upheld the board's decision. Citing *Green Forest Public Schools v. Herrington*, 287 Ark. 43, 696 S.W.2d 714 (1985), the *Murray* court stated that, while the Teacher Fair Dismissal Act contemplates that notice and an opportunity to be heard be given a teacher before the school board votes not to renew the teacher's contract, the court held the board's rescission of its earlier vote on Murray's contract constituted "substantial compliance" with the Act. In sum, the court said that because the school board had formally rescinded its prior vote and its attorney had cautioned board members not to base their vote on any preconceived notions, the board's error had been cured.

Following the *Murray* decision, the General Assembly amended the Teacher Fair Dismissal Act by enacting Act 625 of 1989 [codified at Ark. Code Ann. § 6-17-1503 (Repl. 1993)]. Act 625 in relevant part provides as follows:

> A nonrenewal, termination, suspension, or other disciplinary action by a school district shall be *void unless* the school district *strictly complies with all provisions of this act* and any amendments hereto, and the school district's applicable personnel policies.

(Emphasis added.)

Since Act 625's passage, the court has had four occasions to consider the strict compliance language employed by the Act. *Hannon v. Armorel Sch. Dist. #9*, 329 Ark. 267, 946 S.W.2d 950 (1997); *Lester v. Mount Vernon-Enola Sch. Dist.*, 323 Ark. 728, 917 S.W.2d 540 (1996); *Hamilton v. Pulaski County Special Sch. Dist.*, 321 Ark. 261, 900 S.W.2d 205 (1995); *Western Grove Sch. Dist. v. Terry*, 318 Ark. 316, 885 S.W.2d 300 (1994). In *Terry*, the court made it very clear that substantial compliance no longer governs Teacher Fair Dismissal Act cases, as the General Assembly

has spoken unequivocally in Act 625 of 1989 that there must be strict compliance with the Act before a nonrenewal, termination, or suspension may be put into effect. *Id.* at 322. And in *Hannon,* the court concluded that the Teacher Fair Dismissal Act requires strict compliance with all its provisions; otherwise, a nonrenewal, termination, suspension, or other disciplinary action by the school district is void. 329 Ark. at 271. The *Hannon* court further observed that, with respect to nonrenewal specifically, if notice of nonrenewal is not given to the teacher before May 1 of the contract year, the teacher's contract is automatically renewed for the next school year. *Id.*

The record before us is barren of ambiguity — the Dover School District failed to comply with § 6-17-1509 of the Teacher Fair Dismissal Act by failing to give Spainhour a hearing *before* it voted not to renew her contract. The District argues that any "procedural error" that may have occurred as a result of its failure to provide Spainhour with a hearing prior to its vote not to renew her contract was cured when, at the beginning of the May 18 hearing, Spainhour's representative questioned each board member as to whether they could be fair or impartial.[1] However, although the Board's subsequent meeting of May 18, 1994 might be said to have substantially complied with the hearing provisions of § 6-17-1509, substantial compliance is no longer the rule after Act 625's passage.

In conclusion, we note the District's contention that the May 9, 1994 meeting had been conducted solely for the purpose of eliminating the Chapter One program, not to consider whether to renew Spainhour's contract. However, such contention is clearly not supported by the record. In particular, Dr. Paul's April 12 letter states his recommendation to the Board would be not to renew Spainhour, and the trial court found the Board's action not

---

[1] No argument was offered below that Spainhour had waived any right she might have had under the Teacher Fair Dismissal Act. *Cf. Lester v. Mt. Vernon-Enola Sch. Dist.,* 323 Ark. 728, 917 S.W.2d 540 (1996). Instead, the District's arguments were presented in the context that the May 18, 1994 hearing was conducted in a timely manner and under such conditions as to assure strict compliance under the Act.

to renew Spainhour did not violate the Arkansas Teacher Fair Dismissal Act.

▮ Accordingly, we remand the case to the trial court for entry of an order consistent with this opinion.

Reversed and remanded.