

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CV–16–1025

| | | |
|---|---|---|
| | | **Opinion Delivered:** May 24, 2017 |
| JOHN D. KLEVER | APPELLANT | APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT [NO. 43DR-08-747] |
| V. | | |
| KIMBERLY A. KLEVER | APPELLEE | HONORABLE JASON ASHLEY PARKER, JUDGE |
| | | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

This appeal arises out of a Lonoke County Circuit Court order dismissing John Klever's motion for abatement or reduction of alimony. On appeal, John argues that the circuit court erred in determining that the provision in the Klevers' divorce decree regarding alimony could not be modified. We reverse and remand.

John and Kimberly Klever were divorced by a decree entered on December 5, 2008. The decree sets forth that

> [t]he Defendant shall pay to the Plaintiff the sum of $2000 each month until one party either dies or the Plaintiff remarries . . . . Defendant shall make this payment in lieu of making child support payments, and it is acknowledged by the parties that this amount is in excess of what would be required by the Arkansas Family Support Chart. Further, this amount shall continue to be paid after the minor child turns eighteen (18) years of age and graduates from high school. Defendant shall also continue to provide health insurance coverage for both Plaintiff and the minor child through his employer for as long as the insurance provider will allow.

The Klevers' son, who is autistic and has Down Syndrome, was seventeen years of age at the time of the divorce.

On February 19, 2016, John filed a motion to reduce or abate alimony. He asserted that three changes of circumstances had occurred and that these changes merited reduction in the amount or abatement of alimony. First, John asserted that their son receives SSI benefits. Second, John stated that he believed Kimberly had inherited some money following the death of her mother. Third, John asserted Kimberly was employed by the school district.

Kimberly responded with a motion to dismiss, stating that John had failed to state facts upon which relief could be granted.[1] She requested a hearing regarding her motion to dismiss.

On June 21, 2016, the circuit court held a telephone hearing during which it heard arguments of counsel for both parties and Kimberly's testimony. John was represented by counsel and did not testify. It is not clear from our review whether he was present at the hearing.

Counsel for Kimberly argued that the alimony agreement had been negotiated by the parties and approved by the court and thus alimony could not be modified except by consent of the parties. Counsel for John responded that John's alimony payments should be reduced or abated because the parties' son was twenty-four years old and "not a child anymore." Counsel also asserted that John believed that Kimberly or their son would inherit Kimberly's mother's estate. Last, counsel argued that the alimony agreement the parties

---

[1]Kimberly also argued that the case should be heard in Missouri where she resides. The jurisdictional issues raised below are not a part of this appeal.

SLIP OPINION

signed and incorporated into the divorce decree was an award of the court and therefore is capable of modification without the approval of both of the parties.

Kimberly testified at the hearing on her motion to dismiss. She explained that the divorce decree provided for payments in lieu of child support because both she and John understood that if their son accepted SSI benefits before he was eighteen years of age, he would receive a reduced amount of SSI benefits. Kimberly testified that she and John agreed that John's child-support payments would be categorized as alimony to maximize their son's SSI benefits. Kimberly stated that John earned $4000 a month, and the parties agreed that $2000 would go to her and Jacob. Kimberly testified that the parties never agreed that the rate of alimony would be reduced when Jacob began receiving SSI benefits and that the agreement stated that alimony would continue until either party died or Kimberly remarried. She testified that both parties had signed the document setting forth their agreement. Kimberly testified that she made $14,000 per year, that she had always been employed during her marriage to John (except for a brief period when they had moved and she was not able to find work immediately), and that she had previously made $11,000 per year.

In her brief in support, Kimberly argued that dismissal was proper in this case because it is undisputed that the alimony was agreed on in a contract between the parties and incorporated into the divorce decree. Furthermore, Kimberly asserted that even if the court found that the alimony was an award rather than contractual, John had not shown a change in circumstances: their son had always been disabled, they had always anticipated his receiving SSI benefits at age eighteen, and she had always been employed at about the same

3

income level. As to the inheritance, she asserted that that circumstance was not known at that time, and until an inheritance is distributed there is no change in circumstances.

John responded that he properly pled facts upon which relief could be granted. In his brief he argued that no clause had been written into their decree stating that the alimony was by contract and that alimony could not be modified except by agreement of the parties. John also argued that the language in their decree "in lieu of child support" "can be said to be ambiguous."

The circuit court granted the motion to dismiss. In its order, the circuit court found that the decree in this case was an "agreed decree." The circuit court also found that the alimony provision is not subject to modification except by consent of the parties and that it granted the motion to dismiss on that ground. The circuit court specifically declined to reach Kimberly's 12(b)(6) ground for dismissal that John had not shown a material change in circumstances such that alimony should be reduced or abated.

We must address a preliminary question regarding the circuit court's handling of this matter. As we stated above, Kimberly filed a motion to dismiss John's request to abate or reduce alimony for failure to state a claim pursuant to Ark. R. Civ. P. 12(b)(6), and she requested a hearing on her motion. At the hearing, testimony was taken from Kimberly, and the court heard arguments of counsel. Posttrial briefs were submitted to the court. The circuit court clearly went beyond the complaint in reaching its decision, which raises a question regarding the nature of the proceedings.

In determining whether to dismiss a complaint under Ark. R. Civ. P. 12(b)(6), it is improper for the circuit court to look beyond the complaint. *Smith v. Eisen*, 97 Ark. App.

130, 138–39, 245 S.W.3d 160, 168 (2006). In order to properly dismiss the complaint, the circuit court must find that the complaining party either (1) failed to state general facts upon which relief could have been granted or (2) failed to include specific facts pertaining to one or more of the elements of one of his or her claims after accepting all facts contained in the complaint as true and in the light most favorable to the nonmoving party. *Id.* Moreover, the court must not lend consideration to factual conclusions reached through the arguments of counsel and exhibits. *Guthrie v. Tyson Foods*, 285 Ark. 95, 685 S.W.2d 164 (1985). The court may not base its decision on allegations contained in briefs and exhibits. *Oldner v. Villines*, 328 Ark. 296, 300–01, 943 S.W.2d 574, 577 (1997); *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

In the instant case, the circuit court looked beyond the complaint and considered Kimberly's oral testimony regarding the formation of a contract between herself and John. In its written order, the circuit court dismissed John's complaint based on its determination that the alimony provision was an "agreed decree" and could not be modified except by agreement of the parties. It appears that the circuit court may have intended the motion to dismiss to be converted to a summary-judgment motion. *See Bayird v. Floyd*, 2009 Ark. 455, at 7–8, 344 S.W.3d 80, 85 (A Rule 12(b)(6) failure-to-state-a-claim motion to dismiss is converted to a motion for summary judgment when a circuit court considers matters outside the pleadings.). However, a separate issue arises in that the circuit court heard and considered Kimberly's oral testimony, which is improper in summary-judgment proceedings. In *Hannon v. Armorel Sch. Dist. No. 9*, 329 Ark. 267, 270–71, 946 S.W.2d 950, 952 (1997), our supreme court held that although the order refers to summary judgment, because the

circuit court received testimony at the summary-judgment hearing and thus went beyond the pleadings, discovery, and affidavits in reaching its decision, the court converted the matter from a proceeding for summary judgment to a bench trial. In *Hannon*, our supreme court cited *Honeycutt v. City of Fort Smith*, 327 Ark. 530, 534, 939 S.W.2d 306, 308 (1997), in its holding:

> We have stated in the past that we will look to the wording of an order or a judgment to determine its essence. Here, the judgment was not an order of summary judgment for the reasons already stated. We conclude that the judgment followed a bench trial, though the appellees declined to offer testimony, and was dispositive of the issue of whether Honeycutt was denied a trial or hearing under state statutes or Commission rules. We will treat the judgment as such.

In the present case, the court held a hearing on Kimberly's motion to dismiss, and Kimberly testified as to the formation of the parties' agreement regarding alimony. The circuit court relied on this testimony to conclude that dismissal was proper, and it appears to us that the circuit court's handling of this case was most like a bench trial.

After reviewing this case as such, we hold that it is not apparent to us that the issues were fully developed. As we stated earlier, whether John was at the hearing is not clear, and the parties had not been given notice that the issues would be tried or that they should prepare for anything other a motion to dismiss. The alimony clause within the divorce decree is a contested matter that requires the testimony of both parties as to the formation of a contract for alimony. In light of the need for full development of the issues, we reverse the circuit court's dismissal, and we remand for a trial on the merits.

Reversed and remanded.

WHITEAKER and MURPHY, JJ., agree.

*Bridges, Young, Matthews & Drake PLC*, by: *Michael J. Dennis*, for appellant.
*The Miller Firm*, by: *Carla L. Miller*, for appellee.